*John Baker*, for appellant.

———————

BURK *v.* HOWARD and Another.

To a suit upon a replevin bond the defendant answered, that on the rendition of the judgment, in the replevin suit, he had prayed an appeal to the Supreme Court, which was granted, on condition that he should file an appeal bond *to the approval of the clerk;* that he had afterward filed such bond, &c.

*Held,* that it is only where the appeal is granted during the term, and bond filed with such penalty and surety and within such time, as the *Court* shall direct, that proceedings on a judgment can be stayed without an order of the Supreme Court in term, or a judge thereof in vacation.

*Held,* also, that as the Court did not approve the bond nor direct when it should be filed, proceedings upon the judgment were not stayed, and the answer was bad.

APPEAL from the *Decatur* Common Pleas.

DAVISON, J.—This was an action by *Burk* against *Howard* and *Armstrong*, upon a replevin bond. The complaint alleges these facts: On *November* 12, 1858, *Howard* commenced an action of replevin, in said Court, against *Burk*, to recover sixteen fat hogs, alleged to be the property of *Howard*, and to be unlawfully detained by *Burk*. The sheriff, by virtue of a writ of replevin issued in said action, seized the hogs, and having delivered them to *Howard*, took from him a bond in the penalty of $600, with *Armstrong* as his security, conditioned, that "If *Howard* shall well and truly prosecute his suit to effect, and without delay, &c., and make return of the hogs to *Burk*, if a return be

adjudged, &c., in as good condition as they then were, and pay all damages that may be awarded to him in said action; then the obligation was to be void. Otherwise," &c. It is averred that afterward, at the *January* term of said Court, 1859, it was, by the said Court, adjudged that *Howard* should take nothing by his suit, and that *Burk* should have return of the property replevied, &c. And for breach of the condition of the bond, it is alleged that *Howard* did not prosecute his suit with effect, nor has he returned the property to *Burk*, or any part thereof; but to do so, has neglected and refused, &c.

Defendants, in their answer, admit the proceedings and judgment as stated in the complaint; but aver that, upon the rendition of said judgment, they prayed an appeal to the Supreme Court, which was granted, upon the condition that they would file an appeal bond *to the approval of the clerk of said Court* of Common Pleas; and the defendants in fact say that *Howard*, on *February* 21, 1859, did file such bond, in the penalty of $500, with *John Hindman* as his surety, which bond was, on said last named day, taken and approved by said clerk; and the same is conditioned to the effect that the appellant would prosecute his appeal and abide by, and pay, the judgment, &c., which might be affirmed against him, &c. And, further, the defendants say that said clerk, at the request of *Howard*, has made out a complete transcript of the proceedings and judgment in the replevin suit, and that the same is now ready to be filed with the clerk of the Supreme Court; wherefore they aver that said appeal, in said replevin suit, is now pending in the Supreme Court, &c.

The plaintiff demurred to this answer; but his demurrer was overruled, and he excepted.

Was the bond, " taken and approved by the clerk," operative as a *supersedeas?* This is the only question presented for our consideration. The code says: " When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon the appeal bond being filed by the appellant, payable to the appellee, with condition that he will prosecute his appeal, &c., *with such penalty and surety as the Court shall*

*approve; to be filed within such time as the Court shall direct,"* &c. 2 R. S., § 555, p. 159. That, "After the close of the term at which the judgment is rendered, an appeal may be taken by service of notice, in writing, on the adverse party, &c., stating the appeal from the judgment, &c.; or such appeals may be taken by procuring from the clerk of the Court, a transcript of the record and proceedings in the suit, &c., and filing the same in the office of the clerk of the Supreme Court, who shall issue notice of appeal," &c. *Id.,* § 556. And that, "An appeal, taken after the close of the term, shall not stay execution or other proceedings in the Court below, unless an order to that effect be granted by the Supreme Court in term, or a judge thereof in vacation, which shall be indorsed on the transcript; and the Court, or the judge, at the time of the making of the order, shall direct that the appellant give bond to the appellee," &c. *Id.,* § 563, p. 160. Thus, it will be seen that there is but one instance in which, in view of an appeal, the proceedings in the lower Court can be stayed without "the order of the Supreme Court in term, or a judge thereof in vacation," namely: "When the appeal is granted during the term, and bond filed, with such penalty and surety as the Court shall approve, within such time as the Court shall direct." Here, the Court did not approve the penalty of the bond or the surety; nor did it direct when the bond should be filed: and the result is, there being no order of the Supreme Court, or a judge thereof, to stay the proceedings on the judgment in the replevin suit, the defendants' answer constituted no defense to the suit on the replevin bond. We are of opinion that the demurrer was well taken.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*James Gavin* and *O. B. Hord,* for appellants.
*Will Cumback,* for appellees.