## HAM ET AL. *v.* GREVE ET AL.

APPEAL BOND.—*Suit On.*—*Pleading.*—*Clerk.*—A complaint upon a bond given on appeal to the Supreme Court alleged that the court granted the appeal and approved of the surety, that the bond was taken and approved by the clerk below, that the cause was certified to the Supreme Court, where the judgment was affirmed, and that it was still unpaid, but it did not aver that the penalty of the bond was fixed by the court, or that the court directed the time within which the bond should be filed, or that it was filed within the time, or when the transcript was filed, or that execution and other proceedings were stayed upon the judgment during the pendency of the appeal.

Ham *et al. v.* Greve *et al.*

*Held,* that the complaint was not sufficient on demurrer. Neither the clerk of the Supreme Court nor the clerk of the court below has power to take or approve an appeal bond when the appeal is taken in term. There was no consideration shown for the appeal bond. The question was not whether execution and other proceedings were in fact stayed on the judgment during the pendency of the appeal, but whether the bond was legally operative as a *supersedeas.*

SAME.—A complaint in such a case must show the bond to have been executed according to the statute, or that the defects were waived, either expressly or by implication.

SAME.— *Judgment Without Relief.*—A judgment on an appeal bond should not be rendered without relief from valuation or appraisement laws, where it is not so provided in the bond.

APPEAL from the Wayne Common Pleas.

BUSKIRK, J.—This was an action by the appellees against the appellants upon an appeal bond. There was a demurrer to the complaint, which was overruled, and an exception taken. There was issue, trial by the court, finding for plaintiffs, motion for a new trial overruled, and judgment on the finding. The appellants have assigned the following errors:

First. That the court erred in overruling the demurrer to the complaint.

Second. The court erred in overruling the motion for a new trial.

Third. The court erred in rendering judgment that the money should be collectible without relief from the valuation and appraisement laws.

The complaint alleges the recovery of a judgment by the plaintiffs against the defendant Ham, in the Wayne Common Pleas, May 24th, 1869, for four hundred and sixty-two dollars and fifty-one cents and costs; that, an appeal was prayed to the Supreme Court, which was granted on condition of filing a bond with the defendant Railsback, as surety, who was approved by the court; that the defendants on the 9th of June, 1869, executed and filed in the clerk's office the bond in suit, in the penal sum of one thousand dollars, conditioned for the due prosecution of such appeal, and the payment of the judgment and costs, which should be rendered or affirmed therein; that said bond was taken and approved by the clerk, and said cause was certified to

the Supreme Court; that said judgment had been affirmed in the Supreme Court, and that the same was still wholly unpaid. There was prayer for judgment for seven hundred dollars.

It is insisted by counsel for appellants that in a complaint upon an appeal bond, in an appeal to this court, four things must affirmatively appear; first, that the penalty of the bond was fixed by the court; second, that the surety was approved by the court; third, that the bond was filed with the clerk within the time limited by the court; fourth, that the transcript was filed in the office of the clerk of the Supreme Court within sixty days after the filing of the bond.

The 555th section of the code regulates the taking of an appeal in term and the execution of a bond, and is as follows: "Sec. 555. When an appeal is taken during the term at which the judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, payable to the appellee, with condition that he will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered, or affirmed against him, with such penalty and surety as the court shall approve; to be filed within such time as the court shall direct, and the transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond." 2 G. & H. 271.

Section 556 regulates the mode of taking an appeal in vacation. 2 G. & H. 272.

Sections 563 and 564 of the code, 2 G. & H. 274, provides how a stay of execution can be obtained when the appeal is taken in vacation, and are as follows: "Sec. 563. An appeal taken after the close of the term, shall not stay execution, or other proceedings in the court below, unless an order to that effect be granted by the Supreme Court in term, or by any judge thereof in term or vacation, which shall be indorsed on the transcript. The court or judge shall, at the time of making the order, direct that the appellant give bond to the appellee, with condition that he will duly prosecute his

appeal, and abide by and pay the judgment and all costs which may be rendered or affirmed against him.

· "Sec. 564. The appeal bond and surety may be approved by the clerk of the Supreme Court, or by the clerk of the court below. And upon the filing of the bond, execution and all other proceedings on the judgment in the court below, shall be stayed," etc.

When the appeal is taken in term, the appeal bond may be then filed and approved by the court, or it may be filed within such time as the court shall direct, but in either case the penalty of the bond must be fixed, and the surety must be approved by the court. If the bond is not filed in term, the court must fix the penalty, approve the surety, and direct in what time the bond must be filed, and the bond must be filed within the time directed, and when the transcript is filed in the clerk's office of the Supreme Court within sixty days after filing the bond, execution and all other proceedings on the judgment below are stayed for three years or until the case is decided, without any order from the Supreme Court or any judge thereof.

But the filing of the bond within the time limited by the court operates as a supersedeas for sixty days, and if the transcript is not filed within sixty days, it ceases to stay proceedings, and in such case application has to be made to the Supreme Court or some judge thereof for a supersedeas.

When the appeal is taken after the term at which judgment is rendered, execution and other proceedings on the judgment below cannot be stayed without an order from the Supreme Court or some judge thereof. In such case, the appeal bond is taken and approved either by the clerk of the Supreme Court or by the clerk of the court below.

It is alleged in the complaint that the court approved of Railsback as surety, but it is not alleged that the penalty of the bond was fixed by the court, or that the court directed in what time the bond should be filed, or that it was filed within the time directed, or when the transcript was filed, nor is it alleged that execution and other proceedings were

stayed upon the judgment below during the pendency of the appeal in this court; but it is averred that the bond was taken and approved by the clerk of the court below. As we have seen, neither the clerk of the Supreme Court nor of the court below has any power to take or approve an appeal bond when the appeal is taken in term.

In our opinion the complaint was fatally defective. The bond was not executed in the manner or with the formalities required by the statute. Nor does it appear from the complaint that there was any valid consideration for the bond.

It is well settled that an appeal bond is not essential to the taking of an appeal to this court, its only office being to stay execution and other proceedings upon the judgment appealed from. Delay of execution and other proceedings upon the judgment below constitute a valid consideration for an appeal bond. *Jones* v. *Droneberger,* 23 Ind. 74; *Sturgis* v. *Rogers,* 26 Ind. 1; *Burt* v. *Hœttinger,* 28 Ind. 214.

It was held by this court, in *Burk* v. *Howard,* 15 Ind. 219, that where the court did not approve the penalty of the bond or surety, or direct when the bond should be filed, and when there was no order of the Supreme Court or judge thereof, there was no valid stay of execution.

The question is not whether execution and other proceedings were, in fact, stayed on the judgment during the pendency of the appeal in this court, but was the bond legally operative as a *supersedeas?* If it was, there was a valid consideration; if not, then the bond was without consideration and void. We are unable to determine from the allegations in the complaint, whether there was any consideration to support the bond.

The case of *Jones* v. *Droneberger,* 23 Ind. 74, has been cited as an authority in opposition to the views by us expressed; but we think that when that case is properly understood, it will sustain rather than oppose our views.

In that case the appeal had been taken in term, and the court had approved the penalty and surety, and had fixed the time in which the appeal bond should be filed. The

bond was filed within the time and in the penalty prescribed, but with a different surety.   In a suit on the bond, judgment had been rendered for the plaintiff.  The defendant filed a complaint for a review of said judgment, which complaint was held bad on demurrer, and on appeal to this court that ruling was affirmed.   The court held, that "the bond was for the individual benefit of the appellee; and the provisions in the statute requiring the court to approve it in term time, and the clerk in vacation, were inserted for the purpose of securing a good bond for the appellee, and of creating an arbiter to decide between the parties where they might not be able to agree as to what, in the given case, was a good bond; and the question is, cannot the parties waive the approval of the court or clerk in any given case, where their own individual interests are alone at stake, and mutually agree upon a bond?   If they can, and do so, the bond given in such case is valid.   Delay of execution is a good consideration for the bond.   And if they can make such waiver, we must presume it was shown to have taken place in this case, in the original suit on the bond, as the evidence is not in the record, and all presumptions must be in favor of the judgment.   We think the waiver could be made."

The only point decided in the above case is, that as the object of requiring an approval of the surety by the court or clerk is to provide an arbiter between the parties in case of disagreement, such approval is not essential to the validity of the bond in case the parties mutually agree upon the surety, and the appellee withholds the enforcement of his judgment in consideration of the bond so given.   This does not extend to the questions of fixing the penalty of the bond or the time of filing the same.   The fixing of the penalty of the bond and the filing of the same within the time directed by the court are as essential to the validity and effectiveness of an appeal prayed in term so as to stay proceedings, as is the filing of a bond within thirty days from the judgment to an appeal taken from a justice of the peace.   It would hardly be pretended that if a defendant in

a judgment before a justice of the peace, should file an appeal bond after the expiration of thirty days, the surety in the bond would be held liable for such judgment, whether the plaintiff should withhold execution or not, on account of the filing of such bond. In the above case, the court state the facts: "An appeal was prayed to the Supreme Court, in term time, in a given suit. The appeal was allowed, the penalty of the appeal bond fixed by the court, the security to be given in it named and approved by the court, and the time for the filing of the bond specified. A bond corresponding was filed in time, except with different surety; the transcript in appeal was sent up to the Supreme Court; execution was withheld below, as though the appeal had been entirely regular."

The above case turned upon the doctrine of a waiver. We are not required, in the present case, to decide to what extent defects may be waived by the obligee in an appeal bond, as the party who sues on such a bond must either show that it has been executed according to the statute, or that such defect had been either expressly or by implication waived. There are no such averments in the complaint. As to what bonds are valid, and what invalid, see *Caffrey* v. *Dudgeon*, 38 Ind. 512.

We are of opinion that the court erred in overruling the demurrer to the complaint, for which the judgment must be reversed.

We are asked to decide a question arising upon the motion for a new trial, and as the question is in the record, and frequently arises in practice, we will do so.

The court below, in rendering judgment upon the bond, provided, that it should be collected without relief from the valuation and appraisement laws.

Section 445 of the code, 2 G. & H. 242, provides, that "no property shall be sold on any execution or order of sale issued out of any court, for less than two-thirds of the appraised cash value thereof, exclusive of liens and incumbrances, except where otherwise provided by law."

It is provided by section 15 of an act concerning promissory notes, etc., 2 G. & H. 659, that "upon any instrument of writing, made within this State, or elsewhere, containing a promise to pay money without relief from valuation laws, judgment shall be rendered and execution had accordingly."

It is provided by section 381 of the code, 2 G. & H. 220, that "when a judgment is to be executed without any relief from appraisement laws, it shall be so ordered in the judgment."

It is provided by the act approved December 21st, 1858, 2 G. & H. 220, "that hereafter all judgments recovered against any sheriff, constable, or other public officer, administrator, executor, or any other person or corporation, or the sureties of any or either of them, for money collected or received in a fiduciary capacity, or for a breach of any official duty, or for money or other article of value held in trust for another, shall be collectible without stay of execution, or benefit of the valuation or appraisement laws of this State."

There are other special provisions dispensing with appraisement, in certain cases, but none of them are applicable to appeal bonds. The bond in suit contains no waiver of valuation or appraisement laws. In such case the judgment is collectible with relief. Appraisement must either be dispensed with by statute, or waived by the party in the instrument sued upon.

The court erred in providing that the judgment should be collected without relief from appraisement laws.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*C. H. Burchenal*, for appellants.

*J. B. Julian* and *J. F. Julian*, for appellees.