Hadley *v.* Hill *et al.*

• • •

## No. 7561.

## HADLEY *v.* HILL ET AL.

PRACTICE.—*Appeal to Supreme Court.—Assignment of Errors.*—The fact that the assignment of errors, on appeal to the Supreme Court, does not contain the names of all the parties, is not sufficient ground for the dismissal of the appeal, unless harm is shown to have been done the adverse party.

SAME.—The failure of the appellant to file a copy of his brief is not a sufficient cause for the dismissal of the appeal.

SAME.—*Supersedeas.*—A failure to file the transcript in the Supreme Court, within sixty days after filing the appeal bond, does not lose to the party his right of appeal, but upon such failure the bond ceases to operate as a supersedeas.

SAME.—The word "co-parties," as used in section 551 of the code, means parties to the judgment appealed from, and not co-plaintiffs or co-defendants to the action.

MECHANIC'S LIEN.—*Implied Trust.*—Suit by A., a material man, against B. and wife and D., the purchaser of the property, and the contractor, to foreclose a mechanic's lien for materials furnished the contractor in building a house on the real estate of B.'s wife. Among other things, it was found specially that a loan had been negotiated by B. of C., with which to build, and that a certain portion thereof remained in C.'s hands, and that the certificate for the same had been assigned to D., C. retaining the amount until the building for which the loan was negotiated was completed and discharged of all mechanics' liens thereon.

*Held*, that, D. not having agreed to hold said certificate in trust, neither he nor his assignor is liable for the value thereof, and that no trust was created by implication of law in favor of A. upon the money in C.'s hands.

Hadley *v*. Hill *et al.*

From the Marion Superior Court.

*V. Carter*, for appellant.

*E. A. Parker* and *L. B. Swift*, for appellees.

MORRIS, C.—This suit was brought by George W. Hill, to recover judgment against John C. Moon and wife, J. M. Kirkwood and the appellant, and to foreclose a mechanic's lien.

The complaint states that Moon and wife, being the owners of lots 21 and 22, Bates' subdivision of lot 89, in the city of Indianapolis, Indiana, contracted with J. M. Kirkwood to erect and construct thereon a new brick dwelling-house ; that Kirkwood purchased from said Hill building materials to be used in, and which were used in, the construction of said building, amounting to $80 ; that the materials were not paid for, and that, within sixty days from the completion of said building, he filed a notice, in writing, of his intention to hold a mechanic's lien on said building and lot for said sum, in the office of the recorder of said county, which was duly recorded on the 24th day of October, 1876. A copy of the notice is made part of the complaint. Hill avers that said sum is due and unpaid, and that, after the completion of the building, the Moons sold and transferred said property to the appellant, who promised and agreed to pay said debt due Hill, and discharge his lien. He also says, that other defendants claim to have liens upon, or interests in, said property, but that, if they have any such liens or claims, they are junior and inferior to his. He files with his complaint a bill of particulars, and prays judgment and the foreclosure of his lien.

The appellees, some of whom subsequently became parties to the proceedings, answered in denial of Hill's complaint against the Moons, Kirkwood and the appellant. The several cross complaints, except as to parties and amounts, are substantially the same as that of Hill. All claim to hold mechanic's liens on said property, and demand foreclosures.

It will not be necessary, in order to decide the questions raised, to notice them further.

Kirkwood, with whom the appellees severally contracted, was not a resident of the State, and during the progress of the cause, proceedings in attachment were commenced against him, through which the appellees realized $500. These proceedings need not be further noticed.

The appellant answered the complaint and cross complaints in four paragraphs, the first being a general denial. As no question is raised upon the special paragraphs of the answer, they need not be further noticed.

Proper issues were formed and the cause submitted to the court for trial. The court, at the instance of the parties, found the facts and conclusions of law separately. The findings of the court, except so much thereof as relates to the attachment proceedings, are as follows:

"The court, being fully advised, finds as follows, to wit;

"That there are due and owing from the defendant J. M. Kirkwood, to the several parties below mentioned, the sums set opposite their respective names, for work and materials performed and furnished for the brick building described in the complaint and cross complaints herein, and used in the construction thereof, to wit:

| | |
|---|---:|
| To George W. Hill the sum of | $79.37 |
| To John Scott | 34.00 |
| To William Pebrie | 275.00 |
| To Milton S. Huey and Jesse B. Johnson | 320.00 |
| To Cord H. Thees | 287.50 |
| To Fred. Gansberg | 72.00 |
| To Builders and Manufacturers' Association | 13.28 |
| Total | $1,081.63 |

"The court further finds, that, prior to the erection of said brick building, the said John C. Moon procured a loan of the sum of $2,500, through Joseph A. Moore & Brothers,

of Indianapolis, to be used in payment for the erection and construction of said building; that said money, so loaned, was held by the said Moore Brothers, and paid over to the said John C. Moon as the work upon said building progressed, and that there is still in the hands of said Moore Brothers, belonging to said building fund, unexpended, the sum of $646.46, for which sum the said Moore Brothers gave to the said John C. Moon a certificate, by which they agreed to pay the same when said building was completed and discharged from all mechanics' liens thereon.

"The court further finds that the contract for the erection and the construction of said brick building was made by the defendant James M. Kirkwood with the said defendant John C. Moon; that at the time said contract was made, and the labor and materials above mentioned were performed and furnished, said defendant Jennie C. Moon, the wife of John C. Moon, was the owner in fee-simple of said lots numbered 21 and 22, in Bates' subdivision of out-lot 89, in the city of Indianapolis, upon which said brick building is situate, and that said lots were the separate property of the said Jennie C. Moon, and that the said Jennie C. Moon did not contract with the said defendants and cross complainants, nor with the said plaintiff, or any or either of them, to perform labor upon or furnish materials for the said building, nor did she in any manner make the demands of said plaintiff and cross complainants liens or charges upon her separate property.

"The court further finds that, subsequent to the performance of the labor and furnishing of the materials, for which the plaintiff and cross complainants demand payment in this action, the defendants John C. Moon and Jennie C. Moon sold and conveyed by deed to the defendant Artemus N. Hadley and his wife said lots numbered 21 and 22, in Bates' subdivision of out-lot 89, in the city of Indianapolis, with the said brick building erected and standing thereon, who have, since their said purchase, completed the construc-

tion of said building; that at the time of the purchase of said premises by the said defendant Hadley and his wife, the said Hadley had full knowledge of the demands of the plaintiff and of the cross complainants herein, for labor and materials performed upon and used in the erection of said building, and that the same were due and unpaid; that, in the deed of conveyance of said premises, executed by the said John C. Moon and Jennie C. Moon, his wife, to the said Hadley and wife, a provision was inserted that said deed was so executed and delivered, subject thereto, but that the said Hadley did not thereby, in terms, assume and agree to pay said claims, and that at the same time, and as a part of the same transaction, the said defendant John C. Moon endorsed without recourse, and delivered, to the said defendant Artemus N. Hadley, the above mentioned certificate for $646.46, of the money borrowed, as above stated, through the Moore Brothers, to be used in the erection and construction of said brick building, and that said defendant Artemus N. Hadley now holds and still has said certificate in his possession, which said certificate is in these words. (Not on file.)

"And the court further finds that said labor was performed and said materials furnished by said plaintiff and cross complainants, as sub-contractors under said Kirkwood, and that no notice was given by them, or either of them, to the said John C. Moon and his wife of an intention to hold them personally liable for said labor and materials.

"The court finds as conclusions of law:

"*First.* That said plaintiff and cross complainants are not entitled to have their said claims for work and materials sustained and enforced as mechanic's liens upon said brick building and lots upon which the same is now situated.

"*Second.* That said plaintiff and cross complainants are not entitled to a personal judgment against the defendants James M. Kirkwood, John C. Moon and Jennie C. Moon, or either of them.

"*Third.* That the balance of the said building fund, remaining unexpended in the hands of the Moore Brothers, for which said defendant Artemus N. Hadley now holds the certificate, should, in justice and equity, be applied to the payment of said claims of the plaintiff and cross complainants, for labor performed and materials furnished in the erection and construction of said brick building, and that said defendant Artemus N. Hadley received said certificate, and now holds the same, in trust for the said plaintiff and cross complainants."

To these conclusions of law the appellant, at the proper time, excepted. The appellant moved the court to strike out of the special finding of facts so much thereof as related to the loan of $2,500 through the Moore Brothers, and to the certificate for $646.46, and its assignment to the appellant, which motion the court overruled, and the appellant excepted. The appellant then filed a motion for a new trial, which was also overruled, and he excepted.

The court then rendered judgment against the Franklin Insurance Company, garnished in the attachment proceedings, in favor of the plaintiff below and cross complainants, for $500. The court also ordered and decreed that said Hill and cross complainants recover of the defendant Hadley said certificate for $646.46, money in the hands of Moore Brothers, found to be in his possession, for their use. The court appointed the appellee Hill a trustee to receive said certificate and collect the money due thereon, and directed him, in case the said Hadley refused to surrender it, to institute suit therefor, and apply any proceeds obtained to the payment of his and said cross complainants' claims, *pro rata.* To the rendition of this decree and order, the appellant objected and excepted. The cause was taken by appeal to the general term of said court. The errors assigned were:

1st. That the court in special term erred in overruling

the appellant's motion to strike out portions of the special findings of fact;

2d. The court erred in rendering judgment against the appellant for the possession of the certificate mentioned in the special findings;

3d. The court erred in its conclusions of law.

The judgment and decree of the court in special term were affirmed by the court in general term. The cause was appealed to this court, and it is here assigned for error: That the superior court in general term erred in affirming the judgment of the court in special term. The appellee has made a motion to dismiss the appeal for the following reasons:

1st. Because the assignment of error does not contain the names of all the parties;

2d. Because no proof of notice of appeal to co-parties has been filed with the clerk;

3d. Because the appellant failed to file a copy of his brief;

4th. Because the transcript was not filed in this court within sixty days from the rendition of judgment and the time allowed for filing an appeal bond.

The first and third grounds for dismissal are formal and technical, and as no harm appears to have resulted from the failure to comply with the rules in this respect, we think the appeal should not, for these reasons, be dismissed. It is said by a former member of the Supreme Court, that, from its organization, it has been the rule that the assignment of errors must contain the names of all the parties, but that it has been rarely regarded. Buskirk's Practice, 121.

By failing to file the transcript in this court within sixty days after filing the appeal bond, the appellant lost the benefit of his bond. Upon such failure it ceased to operate as a supersedeas. *Ham* v. *Greve*, 41 Ind. 531. But he did not, by such failure, lose his right of appeal.

The word "co-parties," as used in section 551 of the code,

means parties to the judgment appealed from, not co-plaintiffs or co-defendants to the action. The appellant's co-defendants to the action were adverse to him, and not co-parties with him or to the judgment rendered against him, within the meaning of the law. The motion to dismiss the appeal is therefore overruled.

We proceed to consider the other questions in the record. The court held that, by the law arising upon the facts found, the appellant received said certificate for $646.46, the balance found to be in the hands of the Moore Brothers, and called the building fund, and that he now holds the same, in trust for the appellees. No contract or agreement is found to have been made between the appellant and the appellees, or any of them, in relation to the building, the so called building fund or the certificate. Nor is it found that the appellees had, by any contract or agreement with any one, any interest in the money which was found to be in the hands of the Moore Brothers. For aught that appears in the finding of facts, the appellees and the Moore Brothers were strangers, unknown to each other. Nor is it found that the appellees, or any of them, made any contract with John C. Moon in relation to the materials furnished or labor performed, the money in the hands of the Moore Brothers, or the certificate held and assigned by him to the appellants, but it is expressly found, as a matter of fact, that the materials were furnished, and the labor performed, by the appellees respectively, as sub-contractors with James M. Kirkwood, who contracted with John C. Moon to erect said building. It is found that the appellants knew of the claims of the appellees, and that they were unpaid, but it is not found that Moon was indebted to Kirkwood on the contract for the erection of said building. For aught that appears in the finding, he may have paid Kirkwood in full. It is also found, as matter of law, that the appellees were not entitled to judgment against Moon. It is found that John C. Moon

effected a loan through the Moore Brothers ; that the money was paid by them to Moon as the building progressed ; that the certificate assigned to the appellant was for a balance of the $2,500 in the hands of the Moore Brothers, payable upon the completion of said building ; but it is also found that the appellant completed the building, and matured the certificate.

Upon these facts the first inquiry would seem to be, when and how, if at all, was a trust in favor of the appellees impressed upon this money in the hands of the Moore Brothers? It will be difficult, we think, if not impossible, to discover in the special findings any fact having the least tendency to impress a trust upon this money, while in the hands of the Moore Brothers, in favor of the appellees. The Moores sustained no relations to any of the parties, save John C. Moon. They did not know the appellees, nor are they found to have had any interest in the building or the lots on which it was erected. How they were interested in Moon or the erection of the building, if they were so interested, is not found. They paid the money to Moon, from time to time. Upon what terms or conditions they held the money for Moon can not be determined from the facts found. The loan was made to Moon through the Moores ; they held it for him, and when they paid it to him it was his. They did not hold it in trust for the appellees. When the money was paid to John C. Moon, it was his absolutely. He did not owe the appellees. They had no claim which they could enforce against him. Had he held the money or the certificate at the time of the trial, the appellees could have reached neither, for, by the finding of the court, he owed them nothing. If, then, any trust attached to the certificate in the hands of the appellant, it must have arisen out of the circumstances of its assignment to him by Moon.

The court finds that said lots and the building thereon were sold and conveyed by John C. and Jennie C. Moon to

the appellant and wife ; that a provision was inserted in the deed to the effect that it was to be subject to the claims of the appellees, but that he did not thereby, in terms, assume and agree to pay them.    But the court also found that the appellees had no claim upon the building and lots.    It could not, we think, be legally or logically inferred, from such a provision in the deed, that its object and purpose were to subject the premises conveyed, or the grantee, to the payment of claims in no way connected with, or constituting liens upon, the premises.

The court also finds that said certificate for $646.46, part of the $2,500.00 borrowed through the Moore Brothers, to be used in the erection of said building, was assigned, by endorsement without recourse, to the appellant, by John C. Moon, at the time the lots were sold and conveyed to him, and as a part of the same transaction ; that he still has it in his possession.    It is not found that, by the terms of the assignment, he agreed to receive and hold the certificate in trust for the appellees ;   nor is it found that any agreement was made between them other than that contained in the assignment, upon the subject.    Nor will the law, upon the facts found, by implication raise such a trust in favor of parties, to whom neither Moon nor the appellant was liable.    The question is to be considered as though the mechanic's lien law had never been enacted.    And, so considered, it seems clear to us, that the certificate in the hands of the appellant was subject to no trust in favor of the appellees.

We conclude, therefore, that the court below erred in its conclusion of law, that the appellant held said certificate in trust for the appellees.

The judgment and decree in favor of the appellees, and against the appellant, for the recovery of said certificate, and appointing Hill a trustee to receive the same, and, in case it is not surrendered, to institute suit against appellant therefor, ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment and decree below in favor of the appellees, and against the appellant, for the recovery of said certificate, and appointing the appellee Hill a trustee to receive the same, and directing him, if it is not surrendered, to sue the appellant therefor, be, and the same is, in all things, reversed, at the costs of appellees, and the cause is remanded for further proceedings in accordance with this opinion.