Mitchell *v.* Gregory *et al.*

------◆------

No. 11,556.

| 94   363<br>|143  227.

## MITCHELL *v.* GREGORY ET AL.

SUPREME COURT.—*Appeal.—To Stay Proceedings Bond must be Filed.— Mandate Against Clerk.*—Where an appeal to the Supreme Court is taken, during term time, from a judgment for costs, and time is granted for the filing of an appeal bond, execution will not be stayed until such bond is filed; and, if such bond be not filed, the clerk of the court below may be compelled, by mandate, to issue such execution, though the time for filing such bond has not yet expired.

From the Superior Court of Tippecanoe County.

*W. C. Mitchell*, for appellant.

*R. C. Gregory* and *W. B. Gregory*, for appellees.

NIBLACK, J.—On the 8th day of March, 1884, in a certain action theretofore pending in the Superior Court of Tippecanoe county, the defendants recovered judgment against the plaintiffs for costs of suit, and the plaintiffs prayed an appeal to

this court, which was granted, and thirty days were given within which to file an appeal bond, with penalty fixed and surety named and approved by the court.

The appellant, William C. Mitchell, was at the time, and still continues to be, the clerk of the court in which the judgment was rendered. After the close of the term, and before an appeal bond was filed, that is to say, on the 19th day of said month of March, the defendants in the action so resulting in a judgment in their favor, filed a præcipe with the appellant as such clerk, and demanded the issuance of an execution upon the judgment, but the appellant refused to issue an execution, upon the ground that the time within which the plaintiffs had leave to file an appeal bond had not expired. This action was then commenced to obtain a writ of mandate against the appellant, requiring him to issue an execution on the judgment. The appellant appeared to the complaint, and, upon a hearing, he was ordered to issue an execution, as he had been previously so requested to do.

So much of section 638, R. S. 1881, as has a direct application to the facts of this case, is as follows:

" When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, payable to the appellee, with condition that he will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against him. * * * * The transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond."

Under the provisions of section 641 of the same statutes, an appeal, after the close of the term, does not stay execution or other proceedings in the court below, unless an order for such a stay of proceedings be granted by this court, or some judge thereof, and when such an order is made it must direct

that the appellant shall give bond to the appellee with such condition as is required when an appeal is taken during the term at which the judgment is rendered.

This court, so far as our information extends, has always acted upon the assumption that a supersedeas for the stay of proceedings below is not complete until a supersedeas bond is filed in accordance with the order requiring such a bond to be filed, and that assumption has an unquestioned support in the codes of both 1852 and 1881.

A similar rule of construction ought, we think, to be applied to appeals taken during the term. Section 638, *supra*, declares, as has been seen, that an appeal taken during the term " shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant." It is true that the section also authorizes the court to grant an extension of time within which an appeal bond may be given, but that does not modify the declaration that the appeal shall operate to stay proceedings " upon an appeal bond being filed." It is, in our opinion, the bond in both instances which consummates the appellant's right to a stay of proceedings and ties the hands of the appellee. Any other construction might deprive the appellee of any security whatever, since there is no limit as to the time within which the court may authorize an appeal bond to be filed after the expiration of the term.

In commenting upon the sections of the code of 1852, corresponding to those of 1881, now under consideration, this court, in the case of *Burk* v. *Howard,* 15 Ind. 219, held that there was, under the sections then before the court, but one instance in which an appellant could have the proceedings in the lower court stayed without an order of this court in term, or one of its judges in vacation, and that was when the appeal was granted during the term, and bond filed, with such penalty and surety as the court should approve, within the time limited by the court. This case was cited approvingly by the subsequent cases of *Jones* v. *Droneberger,* 23 Ind. 74, and of

*Ham* v. *Greve*, 41 Ind. 531, and in principle fully sustains the conclusion we have reached in this case. See, also, *Willson* v. *Binford*, 54 Ind. 569.

The judgment is affirmed, with costs.

Filed April 3, 1884.

---

94 366
131 470

94 366
111 73

94 366
150 272
152 629
152 630

94 366
156 575

94 366
166 654
167 432