McKinney v. Hartman.

No. 17,698.

McKINNEY v. HARTMAN.

APPELLATE PROCEDURE.—*Sufficiency of Paragraph of Complaint.—When Will Not Be Considered.*—The sufficiency of paragraphs of a complaint as to which a demurrer has been sustained will not be considered on appeal, where all of the facts stated therein could have been proved under another paragraph which was left standing.

APPEAL BOND.—*Term-Time Appeal.—Abandonment.—Vacation Appeal.—Nonpayment of Judgment.*—The nonpayment of a judgment affirmed upon a vacation appeal does not constitute a breach of the condition for the payment of judgment which may be rendered or affirmed, in a bond given on a term-time appeal which was abandoned before the taking of the vacation appeal by failure to file the transcript within sixty days after filing the bond, as required by section 650, R. S. 1894.

SAME.—*Term-Time Appeal Bond.—Breach, Nonpayment of Judgment Affirmed on Vacation Appeal.*—The breach of the condition of a term-time appeal bond, that the appellant will prosecute his appeal, does not support recovery against the sureties, under a complaint assigning as the sole breach the nonpayment of the judgment affirmed upon a vacation appeal taken after abandonment of the term-time appeal.

From the Harrison Circuit Court.

*J. K. Marsh*, for appellant.

*A. Dowling*, for appellee.

McCABE, J.—This was an action by the appellant against appellee and one Bennett H. Young on an appeal bond in the Floyd Circuit Court, from whence the venue was changed to the Harrison Circuit Court. There was no service and no appearance as to Young.

Both he and appellee were sureties on the appeal bond.

The complaint was in three paragraphs, to the first and third of which a demurrer for want of sufficient facts was sustained. A demurrer for want of sufficient

facts was overruled to the second paragraph of the appellee's answer. The issues joined were tried by the court without a jury, resulting in a general finding for the appellee, upon which he had judgment over appellant's motion for a new trial. The errors assigned call in question the several rulings upon demurrer, and in overruling appellant's motion for a new trial. We do not inquire as to the sufficiency of the first and third paragraphs of complaint, because all the facts stated in them could have been proven under the second paragraph. The material facts stated in the second paragraph of the complaint are that on the 31st day of May, 1893, in an action pending in the Clark Circuit Court, wherein appellant was plaintiff, and the Kentucky and Indiana Bridge Company was defendant, a judgment was duly rendered against said company for $3,500.00 for personal injuries sustained by appellant through the negligence of said company, from which said company duly appealed to the supreme court of Indiana during the term of said Clark Circuit Court, at which said judgment was rendered; that said circuit court required bond to be given by said company in the penalty of $4,500.00 within thirty days, that being the amount and penalty of said bond fixed by the court, said Hartman and Young being approved as sureties thereon by the court; that within the time so fixed by the court, said company filed said bond in the penalty of $4,500.00 with said defendants, Hartman and Young, as sureties, a copy of which is filed with and made an exhibit to the complaint; that on February 13, 1894, said judgment was duly affirmed against said company, and judgment rendered against it for costs taxed at $40.00. The appeal bond is in the usual form with the conditions prescribed by section 650, R. S. 1894 (R. S. 1881, section 638), namely,

VOL. 143—15

that "if said   *   *   company shall, and will duly
prosecute said appeal, and abide by, and pay the judg-
ment and costs which may be rendered or affirmed
against it, then the above obligation to be null and
void, otherwise to be and remain in full force, etc."

The breach assigned is that said company has not paid
the judgment, or any part thereof, and that the same
remains wholly unpaid.   The same question arises on
the ruling  overruling the demurrer to the second para-
graph of the answer that arises on the action of the
court in overruling the motion for a new trial, and that
is the only point in controversy on this appeal.   It is
averred among other things in said answer that said
judgment was rendered May 31, 1892, and that the
appeal bond in the penalty, and with sureties thereon,
said Young and appellee, Hartman, fixed and approved
by the court, was filed on June 18, 1892, being within
the time prescribed by the court.   But the defendant
says that said   *   *   company did not file a transcript
of the record in said case   *   *   in the supreme court
within sixty days after the filing of said bond   *   *   *
that said company did not file * said transcript in the
supreme court until the 21st day of February, 1893.

It was, therefore insisted, these facts appearing by
agreement on the trial, that the term time appeal was
abandoned and that the answer stated facts sufficient,
and was a bar to the complaint, assigning as it did no
other breach of the bond than the non-payment of the
judgment rendered and affirmed by this court.   The
trial court upheld this contention both in holding the
answer good on demurrer, and in finding for the defend-
ant the appellee on the trial.

There are two distinct methods of taking an appeal
to this court provided for in the statute.   One is a term
time appeal as provided by section 650, R. S. 1894 (R.

S. 1881, section 638), *supra;* the other is an appeal after the term or in vacation as provided by section 652, R. S. 1894 (R. S. 1881, section 640). No notice to the adverse party is required in a term time appeal, but an appeal bond with such penalty and surety as prescribed and approved by the trial court must be filed within such time as it shall direct, and the transcript must be filed in the office of the clerk of the supreme court within sixty days after filing the bond, R. S. 1894, section 650 (R. S. 1881, section 638), *supra.*

By virtue of this section the appeal operates to stay proceedings on the judgment upon an appeal bond being filed by the appellant as therein provided. This stay begins as soon as the bond is filed, even though that is before the appeal is perfected, and without any other step in that direction taken than the prayer for the appeal, the order of the court approving surety and penalty, and directing the time of filing the bond. *Ham* v. *Greve,* 41 Ind. 531; *Mitchell* v. *Gregory,* 94 Ind. 363. Section 651, R. S. 1894 (R. S. 1881, section 639), provides: "In all cases appealed to the supreme court, where bond shall have been filed in the court below in term and execution therein stayed, and the appellant shall fail to file in the office of the clerk of the supreme court the record of the case so appealed within the time required by law, the party in whose favor the judgment may be in the court below may have execution thereon, upon the filing with the clerk of the proper court the certificate of the clerk of the supreme court showing that said record was not so filed in proper time : *Provided, however,* That nothing in this section shall be so construed as to prevent any such appellant from filing the transcript, and perfecting an appeal afterwards according to law." By the terms of this section the appeal taken in term time is deemed abandoned by the

failure of the appellant to file the transcript within sixty days after the filing of the bond. *Hadley* v. *Hill*, 73 Ind., 442; *Ham* v. *Greve, supra.* . Such is the construction this court has placed on the section by rule 1 of this court which reads as follows:

"1.   When an appeal is taken in term time, but the transcript is not filed in the office of the clerk within the time limited, the appeal as of term shall be deemed to be abandoned.   If a transcript is filed in the clerk's office within the time allowed by law, but after the time limited for appeals in term, the appeal shall be deemed to be taken as of the time the transcript is filed, and shall be governed as to notice and like matters by the rules and practice governing appeals not taken in term."

There is no law precluding an appealing party from abandoning his appeal at any time before the same is decided, whether it is a term time or vacation appeal to be followed by all the incidental consequences of such abandonment.   And, as we have seen, the statute expressly authorizes him to take a vacation appeal by filing the transcript after abandoning the term time appeal by failure to file the transcript within sixty days after filing the bond.

On failure to file the transcript within sixty days after the filing of the bond, and if the transcript is afterwards filed, it becomes necessary to take out and serve process on the appellees, if they do not appear, in order to prosecute an appeal.   It also makes it necessary, in order to stay the proceedings, that the appellant get a supersedeas order from this court, whereupon the statute requires this court to direct the appellant to give an appeal bond.   R. S. 1894, section 653 (R. S. 1881, section 641).   The next section provides that such bond may be approved by the clerk of the supreme court, or by the clerk of the court below, where it is to operate to stay

proceedings.    R. S. 1894, section 654 (R. S. 1881, section 642).

But neither of such officers can approve an appeal bond in a term time appeal.  *Ham* v. *Greve, supra.*    The appeal in which the bond sued on was given, not having been perfected by filing the transcript in this court within sixty days after filing the bond, and not until more than eight months thereafter, the bond did not operate to stay the proceedings on the judgment longer than sixty days after the bond was filed.

The appeal, afterwards perfected by filing the transcript, was not a term time appeal, and consequently, was not the appeal in which the bond sued on was given. Because there was no supersedeas order issued, directing an appeal bond to be filed, and there was no approval of this bond by either the clerk of the trial court, or this court.    The terms of the bond applied to the appeal in which it was given, and that, as we have seen, was a term time appeal.    The appeal in which the judgment mentioned was affirmed, was a vacation appeal.    Had the term time appeal been perfected by filing the transcript within sixty days after filing the bond, and afterwards the appellant had dismissed the appeal, no one for a moment would contend that a suit on such appeal bond could be maintained on a complaint assigning no other breach than the non-payment of the judgment.    The statute provides what the conditions of the bond shall be, and the bond sued on being in compliance therewith, provides that the appellant "will duly prosecute the appeal and abide by and pay the judgment and costs which may be rendered or affirmed against him."    It is the judgment that is rendered or affirmed against him in this court that the appealing party and his sureties have bound themselves to pay by the statute and the

terms of the bond sued on.    Therefore, if, after perfecting the term time appeal, the appealing party had dismissed such appeal, there would and could be no breach of that condition of the bond obligating the appealing party to pay the judgment rendered or affirmed in this court against him, because in that event there would be no judgment rendered or affirmed against him in this court.    In such a case there would be a breach of the other condition in the bond, namely, to duly prosecute the appeal.    The dismissal of the appeal would not be a due prosecution thereof; it would be an abandonment of the appeal.    So was the failure to file the transcript within sixty days after filing the bond.

It is true, as appellant contends, there was a consideration for the bond sued on, because it stayed execution for sixty days after it was filed.    This is not denied by the appellee.    Nor is it denied by the appellee that there was a breach of one of the conditions of the bond, namely, to duly prosecute the appeal.    But for this breach there is no complaint.    The measure of damages for such a breach has been discussed, but the question is not before us, and we do not consider it.    The appeal in which the bond sued on was given, not having been duly prosecuted, but abandoned, the sureties cannot be held for a thing they did not undertake to perform, namely, to abide by and pay the judgment which was rendered on some other appeal, though it be from the same judgment.    *Thomas* v. *Irwin*, 90 Ind. 557.

The only breach of any condition in the bond, as disclosed in the answer and the evidence on the trial, was that to duly prosecute the appeal.    There being no complaint for that breach, the court did not err in finding for the defendant appellee, and the same facts appearing by the answer, there was no error in overruling the

demurrer thereto, and in overruling the motion for a new trial.

Judgment affirmed.

Filed January 8, 1896.