No. 8441.

## WILLSON *v.* GLENN ET AL.

APPEAL BOND.—*Pleading.*—*Demurrer.*—*Mortgage.*—*Supreme Court.*—To a suit to foreclose a mortgage, D., holding a junior mortgage, was made a defendant to answer as to his interest. There was judgment of foreclosure against all the defendants, D. included, and as to him, only that his mortgage was junior to that upon which the suit was brought. There was no personal judgment, even against the mortgagor, for the recovery of any balance which might remain unsatisfied after exhausting the lands mortgaged. D. alone appealed to the Supreme Court, giving bond with W. as surety, conditioned, amongst other things, to pay "any judgment that may be rendered or affirmed against D." The Supreme Court affirmed the judgment. In a suit on the bond by the assignees thereof against W., the surety, the only breach alleged was, that the mortgaged premises had been sold, leaving a balance of the mortgage debt unsatisfied, which still remained unpaid.

*Held,* that, inasmuch as there was no judgment against D. for the mortgage debt, the failure to pay it was not a breach of the bond, and a demurrer to the complaint should have been sustained.

ESTOPPEL.—*Pleading.*—*Practice.*—Where the plaintiff, not being estopped to aver a fact, though the defendant is, alleges that fact in his complaint, it is to be regarded as true on behalf of the defendant on demurrer to the complaint.

From the Ripley Circuit Court.

*W. D. Willson* and *C. H. Willson,* for appellant.

*G. Durbin,* for appellees.

MORRIS, C.—The appellees, plaintiffs below, allege in their complaint, that, on the 12th day of September, 1875, an action was pending in the Ripley Circuit Court, wherein David T. Hunter was plaintiff, and Rebecca Dixon and Joseph Dunlap and others were defendants, to foreclose a mortgage, executed by John Dixon and Rebecca Dixon to Archelaus Lingo, conveying to the said Lingo the real estate therein described as security for the payment of two notes, executed by the said John and Rebecca Dixon, and assigned to said Hunter; that said complaint also alleged that the said John and Rebecca Dixon had executed a subsequent

mortgage on said real estate to the said Joseph Dunlap, who was made a party defendant to answer as to his interest in said real estate; that he appeared to said action and answered in bar of the prosecution of the same, and set up as a reason why said action should not be prosecuted and said mortgage foreclosed, that, on the 1st day of March, 1870, in a certain action pending in the Ripley Circuit Court, said mortgage had been declared satisfied; and that, on the faith of such judgment, he, in good faith, on the 7th day of March, 1873, accepted a mortgage from said John and Rebecca Dixon on the same land, to secure the payment of a debt of $625; that said debt was unpaid, and said judgment of satisfaction remained in full force and unreversed; that issue was joined on said answer, and a judgment of foreclosure rendered against said Dunlap; that said John Dixon had died subsequent to the execution of said mortgage to said Lingo; that in said action said Hunter recovered against the said Rebecca Dixon the sum of $468 in damages and costs amounting to $————, and an order and decree that the equity of redemption of the defendant Dunlap, in and to the said land be forever barred and foreclosed, and that said real estate be sold for the satisfaction of said judgment; that the court further found that said Dunlap had no interest in said land adverse to said Hunter; that no personal judgment was rendered in said action; that, in the event said real estate should not sell for sufficient to satisfy the judgment of said Hunter against the said Rebecca Dixon, the same should be collected of other property; that said Dunlap prayed an appeal to the Supreme Court, and filed an appeal bond, which is copied into the complaint and will be hereafter noticed, in the sum of $750, with the appellant as surety, which bond was accepted and approved by the court, and the appeal granted; that, upon the filing of said bond, execution and all further proceedings on said judgment were stayed until the 22d day of November, 1877, at which time

the Supreme Court unconditionally affirmed the judgment of the circuit court against the said Joseph Dunlap; that, by reason of the affirmance of said judgment, the appellant became liable to pay the same, and that the same remains unpaid; that the mortgaged premises had been sold on a decretal order issued on said decree, for $100, part of which had been applied in payment of costs and the balance in part payment of said judgment, and that said order had been returned unsatisfied; that a second execution had been issued on said judgment against said Rebecca Dixon and returned unsatisfied; that David T. Hunter had assigned said bond to the appellees, November 23d, 1876, and had also assigned said judgment to them. Wherefore the appellee prayed judgment.

The bond is as follows:

"Know all men by these presents, that we, Joseph Dunlap and William D. Willson, are held and firmly bound unto David T. Hunter, in the penal sum of $750, to the payment of which well and truly to be made and done, we bind ourselves, our heirs, executors and administrators and assigns jointly and severally, firmly by these presents, sealed with our seals and dated this 18th day of December, 1875. The condition of the above obligation is such, that whereas, heretofore, to wit, on the 18th day of September, 1875, the said David T. Hunter, in the Ripley Circuit Court, recovered a judgment against the said Joseph and Rebecca Dixon for the foreclosure of a mortgage for the sum of $468 in damages and costs of suit, from which said judgment of said Ripley Circuit Court the said Joseph Dunlap appeals to the Supreme Court of Indiana. Now, if the said Joseph Dunlap shall well and duly prosecute his said appeal, and abide by and pay any judgment and costs that may be rendered or affirmed against him, then the above obligation to be null and void, otherwise to remain in full force and virtue in law. "JOSEPH DUNLAP, [L. S.]
"WILLIAM D. WILLSON. [L. S.]"

The appellant demurred to the complaint; the court over-ruled the demurrer; the appellant then answered the complaint by a general denial, and also by a special paragraph. The appellees demurred to the second paragraph of the answer, which was sustained; the cause was then submitted to the court for trial; the court found for the appellees; the appellant moved for a new trial; the motion was overruled, and judgment rendered for the appellees for $540.77 and costs. The rulings upon the several demurrers, and on the motion for a new trial, are assigned as errors.

The bond sued on is in accordance with the statute upon the subject, and provides that Dunlap shall duly prosecute his appeal, abide by and pay any judgment that may be rendered or affirmed against him. It is not alleged in the complaint that Dunlap failed duly to prosecute his appeal, nor that he failed to pay any judgment rendered or affirmed against him. It is not shown that any judgment was rendered against him for any sum in the court below, but, on the contrary, it is expressly stated in the complaint that no such judgment was rendered against him. It may, perhaps, be inferred from the facts stated in the complaint, that a judgment was rendered against Dunlap, in this court, for the costs of the appeal; but, if so, there is no allegation that it has not been paid, nor is it shown that the appellees are, or ever were, in any way liable for or interested in such costs.

The only judgment or decree taken against Dunlap in the appealed case in the court below was, that the Lingo mortgage had not been satisfied, and that the mortgage of Dunlap was junior to it. It was from this decree that Dunlap appealed. The effect of the appeal was to suspend the right of Hunter to sell the mortgaged premises until the appeal should be determined. The complaint shows, that, after the appeal had been determined, the premises were sold on a decretal order issued on Hunter's decree foreclosing the

Lingo mortgage. It does not appear that the premises were depreciated in value by the delay, nor that any loss was thereby occasioned to Hunter or the appellees. Had there been a judgment taken against Rebecca Dixon, the collection of which was necessarily delayed by the appeal of Dunlap, a different question would be presented. But the appellees aver in their complaint that no such judgment was taken against her or Dunlap. It is expressly stated in the complaint, that in the foreclosure suit, no order was taken, that, if the sale of the mortgaged premises was not sufficient to pay the debt and costs, the balance should be levied of the property of Rebecca Dixon or others.

It is said that the bond recites the fact, that a judgment had been rendered against both Rebecca Dixon and Dunlap, and that such recital estops the appellant to deny the fact recited. But the recital does not estop the appellees, and they show by their complaint that no personal judgment was rendered against Dunlap in the court from which the appeal was taken. Nor is this case analogous to that of *Railsback* v. *Greve*, 58 Ind. 72. In the latter case, there was a judgment against Ham & McNett, but in the condition of the bond it was stated to have been rendered against Ham only. The appeal was taken from the judgment rendered against Ham & McNett, and the court held, that, under section 790, 2 R. S. 1876, p. 311, the misdescription of the judgment in the bond was not fatal. But here there was no judgment for any sum against Dunlap, nor did the law require him, in order to perfect his appeal from the decree against him, to bind himself to pay a judgment against Rebecca Dixon, or to pay any debt due from her or others to Hunter. The appeal was taken by Dunlap alone, and any misdescription of the judgment from which the appeal was taken, contained in the condition of the bond, might, as held in the case just referred to, be corrected. We conclude that the court erred in overruling the demur-

rer to the complaint. It is unnecessary to examine the other errors assigned, as they present substantially the questions already disposed of.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be in all things reversed, at the costs of the appellees.