107 307
127 254
107 307
131 81
131 523

No. 12,572.

## JUNE ET AL. *v.* PAYNE ET AL.

APPEAL.—*Stay of Proceedings.*—An appeal prayed for in term time, and perfected within the time given by the court, suspends all further proceedings under the judgment appealed from; but an appeal in vacation, and without bond, does not so operate.

REPLEVIN.—*Judgment for Return of Property.*—*Bond.*—Where, in replevin proceedings, the plaintiff is awarded a return of the property, it must be returned, without demand, in as good condition as when received by the defendant under the bond, and within a reasonable time after the order is made.

SAME.—*Appeal.*—*Delay in Returning Property.*—*Action on Bond.*—*Mitigation of Damages.*—Where, after an appeal to the Supreme Court by the defendant to replevin proceedings, against whom a return of the property is awarded, there is an implied understanding that no measures to enforce the penalty of the bond for a return will be taken until the appeal is disposed of, and no such steps are in fact taken until a few days before the final decision in the case, when the property is returned in good condition, the delay is not unreasonable, and in an action on the bond the return may be considered by the jury in mitigation of damages.

PRACTICE.—*Trial Without Issue.*—*Judgment by Confession.*—Where, without

objection, a party alleging affirmative matter in his pleading goes to trial without requiring an issue to be formed upon such pleading, he can not afterwards ask judgment in his favor as by confession.

From the Montgomery Circuit Court.

*P. S. Kennedy, T. H. Ristine, S. C. Kennedy* and *H. H. Ristine,* for appellants.

*J. Wright, J. M. Seller* and *A. D. Thomas,* for appellees.

NIBLACK, J.—The facts upon which this case rests may be briefly stated as follows: In July, 1881, David June, Erastus B. French and Robert Brayton, the plaintiffs below and appellants here, commenced an action against John F. Payne, Benjamin M. Payne and John P. Payne in the court below, to recover the possession of a portable engine made by Y. D. June & Co., of Fremont, Ohio ; and to enable the defendants in that action to retain the possession of the engine pending the action, the said Benjamin M. Payne, as principal, and Thompson Davis, Martin Sarvies, David Vancleve and Asbury T. Hicks, as his sureties, afterwards, on the 20th day of July, 1881, executed a bond to the plaintiffs in the penal sum of $1,000, conditioned that if the said obligors should safely keep such engine, and in no wise injure the same, and should deliver said engine to the plaintiffs, or to the sheriff of Montgomery county, in the event that judgment should be rendered for the return thereof, such bond should be void. On the 27th day of May, 1882, the plaintiffs in that action recovered a judgment against the defendants for the possession of the engine and for the sum of $600 in case a return of the engine could not be had. The defendants at the time prayed an appeal to the Supreme Court and thirty days' time was given within which they might file an appeal bond in the penal sum of $1,000, to the approval of the clerk. Such a bond was filed within the time limited, and approved by the clerk, but a transcript of the proceedings appealed from was not filed in the Supreme Court until the 3d day of May, 1883. Pending the appeal in this court, no

supersedeas was issued and no proceedings were taken for the enforcement of the judgment appealed from, both parties seemingly awaiting a final decision upon the appeal before taking further action concerning the matters in controversy. On the 1st day of November, 1883, the judgment of the court below was affirmed. See *Payne* v. *June*, 92 Ind. 252. Some time near the last day of that month, one of the defendants to the judgment thus affirmed met one of the plaintiffs' attorneys on the street in the city of Crawfordsville, and, informing him that he was ready to make return of the engine, inquired as to whom he should deliver it; whether to him, the attorney, or to the plaintiffs at Fremont, Ohio. To this inquiry the attorney replied that he did not want the engine; that he preferred to have the money, the engine being at that time five or six miles away in the country. A few days later, that is to say, on the 5th day of December, 1883, the plaintiffs, June and others, commenced this action against Benjamin M. Payne, and his sureties, upon the bond, executed by them as herein above stated, for their alleged failure to make return of the engine in accordance with the stipulations of that bond. On the 10th day of the same month, the defendants in this action brought the engine to the city of Crawfordsville and delivered it to the sheriff of Montgomery county.

The defendants thereafter answered in four paragraphs:

*First.* That an appeal had been prayed in term time from the judgment for the recovery of the engine; that the appeal had been perfected by the execution of a proper appeal bond and the filing of a transcript in the Supreme Court, and that such appeal was pending and undetermined when this action was commenced.

*Second.* That the judgment for the recovery of the engine had been appealed from as above set forth, and that while such appeal was still pending they had returned the engine described in the bond to the sheriff of Montgomery county.

*Third.* That an appeal had been taken, as above stated, and

that immediately after the judgment appealed from was affirmed, they, the defendants, tendered back the engine to the attorneys for the plaintiffs, who refused to receive the same, whereupon they delivered said engine to the sheriff of Montgomery county.

*Fourth.* That an appeal had been prayed and taken as stated in the first paragraph herein, but without averring that such appeal was still pending and undisposed of.

A demurrer was sustained to the second paragraph, and overruled as to the remaining paragraphs of the answer. Issue, trial by jury and verdict for the plaintiffs, assessing their damages at $35.20.

Answers to special interrogatories respectively submitted to the jury found the facts to be substantially as herein above stated, and showed that the amount of the damages assessed by the general verdict was for costs due upon the original judgment. The plaintiffs thereupon moved for judgment in their favor upon the answers to the special interrogatories for the sum of $600, the adjudged value of the engine, with interest, including also the amount of costs due upon the original judgment, but that motion, as well as a motion for a new trial, was overruled, and judgment was rendered for the amount of the damages assessed by the general verdict.

The plaintiffs, appealing, assign error upon the overruling of their demurrer to the first, third and fourth paragraphs of the answer, upon the overruling of their motion for judgment upon the answers to special interrogatories, and upon the refusal of the circuit court to grant them a new trial.

We see no objection to the sufficiency of the first and third paragraphs of the answer. An appeal prayed for in term time, and perfected within the time limited by the court, suspends all further proceedings under the judgment appealed from, and a return of the engine to the sheriff was a performance of the principal condition of the bond. Wells Replevin, section 426.

As to the sufficiency of the fourth paragraph of the an-

swer, we need not inquire, since, upon the whole case, we regard the question of its sufficiency as of no practical importance at the present hearing. The evidence, supplemented by the answers to the special interrogatories, showed affirmatively that the plaintiffs were not injured by the overruling of the demurrer to that paragraph. It was thus made to appear that no such an appeal as that relied upon in defence by the first and fourth paragraphs of the answer, was in fact taken, and that the appeal which was afterwards consummated was an appeal in vacation without bond, and consequently without any stay of proceedings. *Burk* v. *Howard*, 15 Ind. 219.

The important, and indeed controlling, questions at the trial were: *First.* Were the defendants guilty of unreasonable delay in offering to return or in returning the engine? *Secondly.* Could the return of the engine after the commencement of this action be taken into consideration in mitigation of the damages?

It is true that, in cases of this kind, the property must be returned in as good order as when received under the bond, and within a reasonable time after a return has been awarded, and that too without demand for its return. Wells Replevin, sections 419 to 423, both inclusive. But what is a reasonable time must, to a very great extent, depend upon the circumstances attending each particular case.

In the case before us, there was evidence tending to show what seemed to be an implied understanding that no measures would be taken to enforce the penalty of the bond, or to disturb the *statu quo*, until there was a final decision of this court upon the appeal taken in the replevin suit. There was also evidence tending to prove that from the first the plaintiffs did not desire a return of the engine, but preferred to abide the course of events in this court, and, if practicable, to eventually recover the value of the engine in money. This was in part well illustrated by the refusal of one of their attorneys to give any directions concerning the return

of the engine, only a few days before this action was com-
menced. Then a petition for a rehearing which had been
filed in the cause was not overruled until the 12th day of
December, 1883, seven days after the institution of this ac-
tion and two days after the engine was returned to the sheriff.
There was evidence, therefore, which justified the jury in
coming to the apparent conclusion that there had been, un-
der all the circumstances, no unreasonable delay in returning
the engine. Having reached this conclusion, the jury were
further justified in taking the return of the engine into con-
sideration in mitigation of the damages. *Schrader* v. *Wol-
flin*, 21 Ind. 238; *Story* v. *O'Dea*, 23 Ind. 326; Wells Re-
plevin, sections 457, 458.

There was also evidence tending to prove that the engine
was in as good condition when it was returned as it was when
the bond in suit was executed. We have consequently no
reason for concluding that the general verdict was not sub-
stantially right upon the evidence.

The judgment is affirmed, with costs.

Filed June 3, 1886.

## ON PETITION FOR A REHEARING.

NIBLACK, J.—After the verdict in this case was returned,
the plaintiffs, in addition to their motion for a judgment for
a larger sum than was assessed in their behalf by the jury
upon the answers to special interrogatories, moved the court
for judgment in their favor for the sum of $600, and the costs
due on the original judgment, upon the pleadings, on the
ground that, as no general denial was filed, all the facts nec-
essary to entitle them to such a judgment were admitted at
the trial, and that motion was also overruled. A rehearing
is prayed for in this case for the alleged reason that the cir-
cuit court erred in overruling that motion, and that we omit-
ted to rule upon that question at the former hearing.

But the answers in this case, whether well pleaded or not,

presented issues which had to be tried and determined, and hence it can not be said that the cause was tried without an issue. As to what facts were admitted by the issues, as they were formed, were only questions of evidence at the trial. Besides the cause was apparently tried upon the theory that every material averment of the complaint was in issue. As illustrative of this theory of the trial, the first interrogatory submitted to the jury at the request of the plaintiffs was : " Did the defendants in this suit execute the bond sued on in this case as alleged in the plaintiffs' complaint? " Other interrogatories were submitted, upon the motion of the plaintiffs, inconsistent with the idea that no issue had been formed upon the complaint. Under such circumstances the plaintiffs could not be heard to complain, after the trial was concluded, that the cause had been tried without an issue, or that the material averments of the complaint stood as confessed at the trial.

Where, without objection, a party alleging affirmative matter in his pleading goes to trial without requiring an issue to be formed upon such pleading, he can not afterwards ask judgment in his favor as by confession. *Bass* v. *Smith,* 61 Ind. 72; *Lewis* v. *Bortsfield,* 75 Ind. 390; *Felger* v. *Etzell,* 75 Ind. 417; *Stribling* v. *Brougher,* 79 Ind. 328.

It is unnecessary to set out any more of the special interrogatories and answers of the jury, since there is nothing in any of the answers in question inconsistent with the facts as stated in the original opinion.

The petition for a rehearing is overruled.

Filed Sept. 25, 1886.