## SLUSS v. THERMOID RUBBER COMPANY.

[No. 12,565. Filed February 17, 1932. Rehearing denied May 19, 1932. Transfer denied October 28, 1932. Reconsideration of ruling on petition to transfer denied December 15, 1932.]

(For the history of this appeal thereafter, see 154 N. E. 292, 156 N. E. 292, 174 N. E. 291 [202 Ind. 338], and the present opinion.)

*Henry M. Dowling* and *Ellis E. Sluss,* for appellant.
*Pickens, Cox, Conder & Bain,* for appellee.

CURTIS, J.—This action was brought by the appellee, Thermoid Rubber Company, against the appellant, Ellis E. Sluss, as principal, and the United States Fidelity and Guaranty Company, as surety, on an appeal bond filed by the appellant in a replevin suit originally tried in the Johnson Circuit Court, being cause number 4284, wherein a judgment was rendered against the appellant Sluss. From the judgment in the replevin case the appellant appealed, giving the appeal bond here in suit. The judgment in the said replevin case was affirmed by this court. Suit was then commenced upon said appeal bond, resulting in a judgment for $1,290.89 against the appellant and his said surety. The issues in the instant case were presented by a complaint in one paragraph; answers in general denial; a second paragraph of answer by the appellant Sluss; a cross-complaint by the United States Fidelity and Guaranty Company, surety; and a reply in general denial by the appellee to the said second paragraph of answer of appellant Sluss. The complaint alleged the execution of the bond in question in the sum of $1,500.00 by the appellant Sluss and said United States Fidelity and Guaranty Company and sought a recovery for alleged breach of its terms, and particularly for a breach of the following provision of said bond: "Now if the said Ellis E. Sluss shall well and truly prosecute said appeal and abide by and pay

the judgment and costs which may be rendered or affirmed against him, then the above obligation to be null and void; otherwise to be and remain in full force and virtue in law." The second paragraph of the answer filed by the appellant Sluss pleaded a tender back of the property involved in the original replevin suit. The cross-complaint filed by the United States Fidelity and Guaranty Company set up its suretyship as against the appellant Sluss. There was a trial before the court, who, upon request, made a special finding of facts and stated conclusions of law thereon. The conclusions of law were favorable to the appellee and the judgment against the appellant heretofore mentioned was rendered upon said conclusions of law and in accordance therewith. Exceptions to the conclusions of law were duly taken by the appellant. A motion for a new trial was seasonably filed by the appellant and overruled and exception taken and this appeal prayed and perfected.

The errors relied upon for reversal are: First, alleged error in conclusion of law number 1; second, alleged error in conclusion of law number 3; third, alleged error in overruling the motion for a new trial based upon the following causes: (a) The decision of the court is not sustained by sufficient evidence. (b) The decision of the court is contrary to law. (c) The assessment of the amount of recovery was erroneous, being too large. The said first and third conclusion of law are as follows: (1) "That the law is with the plaintiff and that the plaintiff should have and recover of and from the defendants on its complaint filed herein the sum of $1,002.80 plus accrued costs in said cause number 4284 in said Johnson Circuit Court for the sum of $21.40 and costs of appeal in the Appellate Court of Indiana in the sum of $23.85 as set out in said finding of facts with interest at 6% per annum from May 28, 1921, and is entitled to recover its costs in this case

laid out 'and expended and taxed at $————. (3) That the said defendants have failed to prove their affirmative paragraphs of answer alleging tender and that the law is with the plaintiff thereon."

We take up first the alleged error in overruling the motion for a new trial, the specific questions being, (1) the sufficiency of the evidence to sustain the finding of facts, (2) whether or not the decision is contrary to law, and (3) the alleged error as to the amount of recovery.

The finding of facts, omitting formal parts, is substantially as follows: That on May 28, 1921, in cause number 4284 in the Johnson Circuit Court, the appellee recovered a judgment against the appellant Sluss, in a replevin action; that the appellee was entitled to the possession of certain personal property consisting of a number of automobile casings or tires of various sizes unlawfully detained by Sluss from the appellee of the total value of $1,002.80, together with costs; that Sluss appealed from said judgment to the Appellate Court of this State, giving the appeal bond herein sued upon with United States Fidelity and Guaranty Company as surety; (the special finding sets out the appeal bond which is in the usual form) that the Appellate Court thereafter, on the 17th day of April, 1923, affirmed the judgment appealed from, which judgment of affirmance was duly certified to the lower court; that during the pendency of said cause on appeal no execution was issued against the appellant and during said appeal proceedings in the Johnson Circuit Court were stayed; that neither the appellant nor said surety have paid anything in reduction of said judgment, and that neither have tendered to the appellee nor to any one authorized to accept such tender, the property described in the judgment rendered in said cause in the condition in which it was at the time when said judgment was ren-

dered; that on or about the —— day of February, 1924, an execution was issued out of the Johnson Circuit Court directed to the Sheriff of Marion County, Indiana, ordering him to collect of the appellant Sluss $1,002.80 and accrued costs; that said execution was served upon Sluss by a deputy sheriff of Marion County and that Sluss refused to pay the amount demanded in said execution or any amount, but expressed his willingness to return the property covered by the writ of replevin in said cause, which property had been retained by said Sluss by virtue of a bond executed by him and delivered to the sheriff at the time of the service of the writ of replevin in the original action; that the deputy sheriff refused to accept the return of said property and explained to said Sluss that said execution was an execution demanding money; that at said time said property had no value except as junk; that the property which Sluss offered to return had greatly deteriorated in value since the rendition of the judgment in said cause 4284 and was of the reasonable value of 1½ cents per pound (from the facts found the said property at the time of the tender would have an approximate value of $9.00), and that said casings on said —— day of February, 1924, were of the value of 1½ cents per pound.

We have read the evidence and we believe it amply sustains the finding of facts. There was competent evidence that the property had only a junk value of 1½ cents per pound at the time the appellant offered to return it. It is true that some of the evidence is in conflict, but this court will not weigh conflicting evidence where there is competent evidence to sustain the finding of facts. We finding nothing in the decision (finding of facts) that is contrary to law. A discussion as to whether the other question presented by the motion for a new trial, to-wit: alleged error in the amount of the recovery, is reversible error, is re-

served until the questions presented by the alleged error as to the conclusions of law are disposed of.

As we view it the real and major question presented for our determination in the instant case arises upon the independent assignment of error that the first and third conclusions of law are each erroneous.

The finding of facts establishes that the property had been kept by the appellant under, first, his replevin bond and next his appeal bond, continuously from the commencement of the original cause of action in replevin, and that its value established in the original action was $1,002.80. The appeal bond sued upon was filed November 12, 1921; the appeal determined by this court adversely to the appellant and certified down May 18, 1923; an execution issued on the —— day of February, 1924, on said judgment as affirmed, and then for the first time the appellant tendered a return of the property, which the finding of facts shows was then worth only approximately $9.00. The evidence shows that the appellant, also, under date of February 21, 1924, served notice on the sheriff of Marion County that he was able, ready and willing to deliver to the appellee the property in question. There can be no doubt but that the appellant did not offer to return the property until at least eight to nine months after the Appellate Court had affirmed the judgment of the lower court wherein he was ordered to return the property and wherein the value of the property was found to be $1,002.80. But the appellant now contends that the judgment in replevin which he appealed from was nothing more than a judgment for costs. If so, why did he appeal? He actually did, however, by that appeal have the whole replevin matter considered by this court upon its merits so that his present contention is entirely inconsistent with what he actually did. We are not at all impressed with this contention of the appellant. His

appeal bond contained a recital as follows: "The condition of the above obligation is such, that whereas, heretofore, to-wit, on the —— day of September, 1921, the said plaintiff, in the Johnson Circuit Court, recovered a judgment against the said Ellis E. Sluss and Ben Sapperstine for the sum of one thousand two and 80/100 dollars or the return of certain goods, in damages and costs of suit, etc., from which said judgment of said Johnson Circuit Court, the said Ellis E. Sluss appeals to the Appellate Court of Indiana." The general rule is that by the recital of a judgment in an appeal bond, the obligors are estopped to deny the fact of its existence, validity or amount as recited in the bond. The validity of an appeal bond does not usually depend upon the validity of the judgment appealed from. Some courts, but by no means all courts, have held that where the judgment appealed from is void from jurisdictional defects the appeal bond is void also. While the judgment in the instant case is not couched in the most appropriate language, yet it is clear that the appellant is not in a position to take advantage of the irregularities he suggests. *McCarthy* v. *Alphons Custodis Chimney Construction Company* (1906), 219 Ill. 616, 76 N. E. 850; Corpus Juris, Vol. 4, Appeal and Error, Sec. 3355, and cases cited thereunder. *Willson* v. *Glenn et al.* (1881), 77 Ind. 585.

Do these facts above pointed out show a breach by the appellant of the bond sued upon herein? We think they do. In Shinn on Replevin, §679, we find the following: "The plaintiff in replevin against whom a judgment for a return has been entered is bound to restore the goods to the defendant in the like good order and condition as when taken. The mere restoration of the goods in a damaged condition will not be in accordance with the conditions of his bond. This may be required by express terms of the statute, but if

the statutes does not expressly require it, it does so by implication. . . . The same rules apply to the defendant where a judgment is rendered for a delivery of the property to the plaintiff in an action in which the plaintiff has not taken possession under his writ."

Cobbey on Replevin, Second Edition, §1182, says: "The obligation of a replevin bond where a return of the property has been adjudged imposes the duty of taking active measures to surrender the property, and not simply the passive submission to a forcible taking by legal process. It is the duty of the plaintiff, when a return is ordered, to take active measures to redeliver the goods to the defendant in the same condition as when taken. . . . Where the one holding the property pending the litigation is defeated and judgment for a return is entered against him, it is his duty to seek the other party and deliver the property to him, if he will receive it. If he fails to do this, there is a breach of the bond for which he and his sureties are liable." See also *Jennison* v. *Haire* (1874), 29 Mich. 207; *Eickhoff* v. *Eikenbary* (1897), 52 Neb. 332, 72 N. W. 308; see, also, Wells on Replevin, §419 to §422, and note 25, page 375; *June et al.* v. *Payne et al.* (1886), 107 Ind. 307, 7 N. E. 370, 8 N. E. 556. This last case cites with approval Wells on Replevin, *supra*, 34 Cyc., page 1574.

In *June et al.* v. *Payne et al., supra,* which was an appeal from a judgment upon a replevin bond, the facts showed that the judgment in replevin of the lower court which was appealed from was affirmed in the Supreme Court on November 1, 1883; that near the last of that month one of the defendants met one of the plaintiffs and offered to return the engine which was the property in the suit in replevin. He was then told that the plaintiffs did not want the engine and that they preferred the money, the engine at that time being five or six miles away. A few days later, on De-

cember 5th, the plaintiffs commenced suit against the defendants and their sureties on the said bond. On the 10th of December, five days after the suit was commenced, the defendants brought the engine in and delivered it to the sheriff of the county. The court said: "It is true that in cases of this kind, the property must be returned within a reasonable time after a return has been awarded and that, too, without demand for its return. . . . But what is a reasonable time must, to a very great extent, depend upon the circumstances attending each particular case." There was a jury trial of the issues presented in the above case. Evidence was introduced tending to show that there was an implied understanding that no measures would be taken to enforce the penalty of the bond during the pendency of the appeal taken in the replevin suit. There was also evidence that the plaintiffs did not desire a return of the engine, but preferred to abide the course of events. The court said: "There was evidence, therefore, which justified the jury in coming to the apparent conclusion that there had been, under all the circumstances, no unreasonable delay in returning the engine. Having reached this conclusion, the jury were further justified in taking the return of the engine into consideration in mitigation of damages. . . . There was evidence tending to prove that the engine was in as good condition when it was returned as it was when the bond in suit was executed. We have consequently no reason for concluding that the general verdict was not substantially right upon the evidence." The verdict of the jury in assessing damages to the plaintiff in the sum of $35.20 was affirmed. The promptness in making return of the property and without demand and its being returned in good order in the above case stand out in contrast to the failure of the appellant in those respects in the instant case. The situation in the instant case is almost the reverse of the

situation in the above case. Here we have a special finding of facts supported by the evidence showing the appellant's failure to make a return of the property within a reasonable time, coupled with the further fact that he sought to return the property in a worthless condition. In the instant case there is no basis for any mitigation of damages unless it be the junk value of approximately nine dollars which was found by the court to be the value of the property at the time of the offer to return. We believe, however, there were facts found by the court, sustained by the evidence, upon which to base the third conclusion of law that the appellant failed to prove the affirmative paragraphs of answer and that the law is with the appellee thereon. It is to be remembered also that this is an action on the appeal bond in the replevin suit and not an action upon the replevin bond in that suit. Upon the whole record before us we are satisfied that a correct result was reached in the trial court. The recovery allowed was upon the basis of the value of the goods as found in the replevin case, together with interest from the date of the original judgment in that case, plus costs. It was well within the penalty of the bond, and was not too large.

As we view it the conclusions of law complained of are not erroneous and the motion for a new trial was also correctly overruled. We find no reversible error.

Judgment affirmed.