Easter v. Acklemire et al.

———◆———

No. 9231.

EASTER v. ACKLEMIRE ET AL.

SUPREME COURT.—*Dismissal.*—*Waiver.*—A motion to dismiss an appeal after submission, on account of the non-joinder of a party defendant in the appeal, and want of notice served, can not prevail; such objections are considered waived by the submission.

APPEAL BOND.—*Approval.*—*Waiver.*—*Pleading.*—*Principal and Surety.*—The approval of an appeal bond may be waived by agreement of the parties, and a complaint in an action on such bond, which avers that the penalty was fixed by the court, that the bond was filed within the time fixed by the court, that the approval of the security by the court was waived, and that proceedings were stayed on the judgment during the pendency of the appeal, is sufficient on demurrer.

From the Clay Circuit Court.

*J. A. McNutt,* for appellant.

*T. W. Curtis* and *E. S. Holliday,* for appellees.

FRANKLIN, C.—This action was brought by appellees against appellant and one Henderson, on a Supreme Court appeal bond.

Appellant demurred to the complaint. The demurrer was overruled, and an exception reserved. The ruling upon the demurrer is the only error assigned.

The cause was submitted in this court May 20th, 1881.

On the 5th of October, 1881, appellees filed a motion to dismiss the appeal, for the reason that Henderson, the co-judgment defendant, did not join in the appeal, and was not made an appellee in the assignment of errors, with the proper notice served upon him.

In the recent decisions, this court has been holding that these preliminary questions, not affecting the merits of a cause, are waived by not being made before the submission. Therefore, the motion to dismiss the appeal should be overruled.

The objections to the complaint are, that it shows that the bond was not approved by the court, and the time given in which to file it was left blank in the record entry giving the time.

It is insisted that the provisions of the statute were not complied with in the giving of the bond, and that it is, therefore, invalid, and can not bind appellant as surety thereon.

It is alleged in the complaint, that the approval of the security by the court was by agreement waived, and that the bond was filed within the time allowed by the court.

But it is insisted by appellant, that the approval of the security by the court could not be waived, and in support thereof we are referred to the case of Ham v. Greve, 14 Ind. 531.

In that case the complaint did not show that the penalty of the bond was fixed by the court, or that the court directed in what time the bond should be filed, or that it was filed within the time directed, or when the transcript was filed, nor was it alleged that execution and other proceedings were stayed upon the judgment below during the pendency of the appeal in this court, for which omissions the complaint was held bad. In the case under consideration, the complaint contains sufficient

averments in relation to each one of said omissions, and avers an express waiver of the court's approving the security, which make the complaint good according to the case above cited.

In the case of *Jones* v. *Droneberger,* 23 Ind. 74, it was held that "the object and effect of the bond were, or were intended to be, to stay execution on the judgment below, and make the appellee secure during the pendency of the appeal. The bond was for the individual benefit of the appellee; and the provisions in the statute requiring the court to approve it in term time, and the clerk in vacation, were inserted for the purpose of securing a good bond for the appellee, and of creating an arbiter to decide between the parties where they might not be able to agree as to what, in the given case, was a good bond; and the question is, can not the parties waive the approval of the court or clerk in any given case, where their own individual interests are alone at stake, and mutually agree upon a bond? If they can, and do so, the bond given in such case is valid. Delay of execution is a good consideration for the bond. And if they can make such waiver, we must presume it was shown to have taken place in this case, in the original suit on the bond, as the evidence is not in the record, and all presumptions must be in favor of the judgment. We think the waiver could be made." See, also, *Smock* v. *Harrison,* 74 Ind. 348.

In the case at bar, the record shows that time was given by the court within which to file the bond, but the number of days was left blank; the complaint avers that it was filed within the time fixed by the court and, with the allegation of an express waiver by the parties of the approval of the security by the court, we think the complaint stated sufficient facts to constitute a good cause of action, and that there was no error in overruling appellant's demurrer to it.

' The judgment below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is in all things affirmed, with costs.