McCloskey *et al. v.* The Indianapolis Manufacturers and Carpenters Union.

———————

No. 9134.

McCloskey et al. *v.* The Indianapolis Manufacturers and Carpenters Union.

Appeal Bond.—*Penalty and Surety.*—*Approval of Court.*—Under section 555 of the civil code of 1852 (sec. 638, R. S. 1881), where an appeal is taken during term to the Supreme Court, it is necessary to the validity of the appeal bond that its *penalty and the surety therein* should be approved by the court.

Same.—*Question of Fact.*—*Weight of Evidence.*—*Supreme Court.*—In such case the question as to whether or not the appeal bond was given with such penalty and surety as the court approved is a question of fact, and not of law; and where there is evidence in the record tending to sustain the finding of the trial court that the penalty and surety of such bond were approved by the court, the Supreme Court will not reverse the judgment on the weight of the evidence.

From the Superior Court of Marion County.

McCloskey *et al. v.* The Indianapolis Manufacturers and Carpenters Union.

*D. V. Burns, C. S. Denny, J. E. McDonald* and *J. M. Butler*, for appellants.

*H. Dailey* and *W. N. Pickerill*, for appellee.

HOWK, J.—This was a suit by the appellee against the appellants upon an appeal bond executed by them to the appellee, on the appeal of said John McCloskey from a judgment of the Marion Superior Court, in general term, against him and in appellee's favor, to the Supreme Court. The cause was put at issue and tried by the court at special term, and a finding was made for the appellee; and, over the appellants' motion for a new trial, the court rendered judgment on its finding. On an appeal to the court in general term, the judgment of the special term was in all things affirmed; and from this judgment of affirmance this appeal is prosecuted.

By a proper assignment of error the appellants have brought before this court the errors assigned by them in the court below, in general term. We need not set out these alleged errors, but we may say, generally, that they were sufficient to present the grounds upon which the appellants ask for the reversal of the judgment below. It is earnestly insisted by the appellants' counsel, that the appeal bond in suit was and is invalid and inoperative, for the reason that the bond in question was not approved by the court. If the appellants' counsel are right in their view of the bond, the judgment below must be reversed; otherwise it must be affirmed.

In section 27 of the act of February 15th, 1871, to establish superior courts, etc., it was provided that an appeal from the general term to the Supreme Court should be regulated by the law regulating appeals from the circuit court to the Supreme Court, so far as applicable. 2 R. S. 1876, p. 27. The record of this cause shows that, on the 17th day of May, 1877, at a special term of the court below, the appellee recovered a judgment against the appellant McCloskey, for $1,096.46 and the costs of suit; from which judgment McCloskey appealed to the court in general term, wherein, on the 6th day of No-

vember, 1877, the said judgment was affirmed, the order-book entry of the proceedings then had being as follows:

"Come now the parties, by their attorneys, and the court, being sufficiently advised in the premises, rendered the following opinion and judgment, pronounced by the Hon. Myron B. Williams, Judge: It is therefore considered and adjudged by the court in general term that the judgment rendered in this cause in special term be and the same is hereby in all things affirmed, and that the appellee recover of the appellant its costs in this behalf expended, taxed at $——. To which ruling and judgment of the court the appellants at the time excepted, and now pray an appeal to the Supreme Court, which the court grants, and twenty days are allowed appellants in which to file their appeal bond, in penalty of $2,000, with approved surety, and day is given."

Three days afterwards, on November 9th, 1877, the following order-book entry was made in said cause, in the general term of the court, to wit:

"Come now the appellants in this cause, by Denny and Burns, their attorneys, and file their appeal bond to the Supreme Court, in penalty of $2,000, with James Renihan and J. B. Conaty sureties therein, which bond is in words and figures following: (here insert)."

From these proceedings of the court it will be seen that the appeal was taken in the original cause during the term at which the judgment was rendered. In section 555 of the civil code of 1852, then in force, it was provided as follows:

"When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal-bond being filed by the appellant, payable to the appellee, with condition that he will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered, or affirmed against him, with such penalty and surety as the court shall approve; to be filed within such time as the court shall direct, and the

transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond."

The record shows that, within sixty days after the rendition of said judgment, the appellant McCloskey filed a complete transcript of the proceedings in said cause, with his assignment of errors endorsed thereon, in the office of the clerk of the Supreme Court; that the judgment appealed from was afterwards, on the 21st day of November, 1879, in all things affirmed by the consideration of the Supreme Court; and that said judgment, interest and costs were due and wholly unpaid, at the commencement of this action.

The appeal bond in suit was executed by the appellants, payable to the appellee, and was dated and filed on the 9th day of November, 1877, and within the time directed by the court. It was in the penalty approved by the court, and it correctly recited the judgments of both the special and general terms, by their dates, amount and names of the parties, and it was conditioned as required by the statute. In all these particulars the bond in suit strictly conformed to the statutory requirements above quoted. It is claimed, however, by the appellants' counsel, that the sureties in the bond were not approved by the court. The statute required that an appeal bond should be filed by the appellant, "with such * * surety as the court shall approve." It will be observed that no form or mode of the court's approval of the surety in the bond is prescribed by the statute; but the bond filed by the appellant must be " with such penalty and surety as the court shall approve." Whether or not the appeal bond in suit was filed by appellant McCloskey with surety approved by the court, in the original action, was in this case a question of fact, and not of law. It seems to us that the evidence in the record tended fairly to show that the sureties in the bond in suit were approved by the court. It showed that the bond was filed by the appellant in open court, and that the names of the sureties were set out in the entry of the filing of the bond, on the order-book of

the court.    From this evidence we think the court was fully authorized to infer and find, as it manifestly did, that the sureties in the bond in suit were approved by the court.    In such a case it is well settled by the decisions of this court that the finding of the trial court will not be disturbed on the mere weight of the evidence.    *Swales* v. *Southard,* 64 Ind. 557 ; *Ft. Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73 ; *Hyatt* v. *Mattingly,* 68 Ind. 271.

It is shown by the record that an execution was issued on the judgment of the special term, in the original action, and the point is sought to be made by the appellants' counsel in this case that the filing of the appeal bond in suit did not " operate as a stay of all further proceedings on the judgment," and the bond was therefore invalid.    It appears, however, that this execution was issued on the 23d day of October, 1878, and merely held by the sheriff, without any action thereunder, during the lifetime of the writ.    Doubtless, this execution was improvidently and illegally issued, and we may well conclude that if any "proceedings" had been attempted thereunder, the writ would have been promptly recalled or set aside upon an application for that purpose.    We do not think that the issue of the execution of itself showed, or tended to show, that the appeal bond was invalid or inoperative, or even that it was so regarded by the parties thereto.

We have found no error in the record of this cause which would authorize or justify the reversal of the judgment below.

The judgment is affirmed, at the appellants' costs.

WOODS, J., dissents.

Opinion filed at the May term, 1882.

Petition for a rehearing overruled at the November term, 1882.