Filed Oct. 9, 1890.

---

No. 14,479.

## BUCHANAN ET AL. *v.* MILLIGAN.

APPEAL BOND.—*Surety.—Appointment of by Court.—Substitution of Another by Parties.—Effect of.*—Where the court designated the surety on an appeal bond, and the person so designated refused to serve, and by agreement of the parties interested a different surety signed the appeal bond, the appeal being perfected in all other respects, according to the requirements of the statute regulating appeals taken in term, the obligors on the bond can not avail themselves of the objection that the bond was not signed by the surety approved by the court.

SAME.—*Substituted Surety.—Liability of.*—The appellant having been substituted, by mutual agreement of the parties, as surety, and the bond having performed the purpose of securing the stay of proceedings, it can not be said that there was no consideration for the undertaking of the surety. When the surety signed the bond in pursuance of the agree-

ment of the parties to the suit, he occupied precisely the position he would have occupied had he been named in the order of the court.

JUDGMENT.—*Affirmance of by Supreme Court.—Certified Copy of Opinion.— Filing of.—Presumption as to.*—Where the judgment appealed from was affirmed at the May term, 1876, of the Supreme Court, it will be presumed, after this lapse of time, that a certified copy of the opinion of the court, affirming the judgment, has been filed in the office of the clerk of the court from which the appeal was prosecuted.

From the Huntington Circuit Court.

*W. H. Trammel, C. B. Stuart, T. A. Stuart* and *W. V. Stuart,* for appellants.

MITCHELL, J.—It is shown by the complaint that Lambdin P. Milligan recovered a judgment in the Huntington Circuit Court against the Toledo, Wabash and Western Railway Company in 1874. The railway company prayed an appeal to this court, the court below fixing the amount of the bond and the time within which it was to be filed, and also designating the surety therein. It is averred that the person designated and approved by the court refused to sign the bond, and that thereupon, by the mutual agreement of the judgment plaintiff and the railway company, the appellant Buchanan was substituted as surety in order to save the railway company the trouble of procuring a supersedeas. The bond was filed within the time fixed by the court, the appeal perfected and proceedings on the judgment stayed until in the year 1876, when the judgment was affirmed.

This is a suit upon the bond, alleging as a breach the failure of the railway company to prosecute the appeal with effect, and to pay the judgment affirmed.

The facts stated in the complaint show that the appeal was perfected in all respects according to the requirements of the statute regulating appeals taken in term, except that by agreement of the parties interested a different surety signed the appeal bond. It is settled by the decisions that an appeal bond is required for the benefit of the appellee, and that the court, in fixing the amount of the bond and approving

the sureties, acts merely as an arbiter for the purpose of securing a sufficient bond. If the parties mutually agree upon a surety different from that designated and approved by the court, the bond is as effectual to stay proceedings as if it had been signed by the surety approved by the court. Accordingly, it has been more than once held that where an appeal was taken in term, the penalty of the bond fixed by the court, the security to be given named and approved, the time for filing the bond specified, and a bond corresponding with that ordered and approved by the court filed, with a different surety, the obligors in the bond could not avail themselves of the objection that the bond was not signed by the surety approved by the court, after the transcript had been sent up and the execution stayed in all respects as if the bond had been regular. *Jones* v. *Droneberger*, 23 Ind. 74; *Smock* v. *Harrison*, 74 Ind. 348; *Ham* v. *Greve*, 41 Ind. 531.

The appellant having been substituted by mutual agreement of the parties as surety, and the bond having performed the purpose of securing the stay of proceedings, it is no answer now to say that there was no consideration for the undertaking of the surety. The bond not only secured to the principal the advantages contemplated, but having been accepted by agreement with the appellee, it was as effectual to stay proceedings as if it had been signed by the surety designated and approved by the court.

When Buchanan signed the bond in pursuance of the agreement of the parties to the suit, he occupied precisely the position he would have occupied in case he had been named in the order of the court.

It is averred that the judgment appealed from was affirmed at the May term, 1876. It will be presumed, after this lapse of time, that a certified copy of the opinion of the court affirming the judgment has been filed in the office of the clerk of the court from which the appeal was prosecuted.

It follows from what has already been said that the facts

found by the court were sufficient to support the conclusions of law. There is evidence tending to sustain the finding.

The judgment is affirmed, with costs.

