Filed Feb. 6, 1895.

———————◆———————

No. 1,416.

## SMALL ET AL. *v.* KENNEDY, ADMINISTRATRIX.

APPEAL BOND.—*Approved by Clerk.*—*When Valid.*—*Waiver.*—*Estoppel.* —An appellee may insist that the statute regulating the approval of appeal bonds be followed, yet he may waive this right; and when he has expressly waived it, and the opposite party has acted upon the waiver, filed his bond (which was approved by the clerk of the court) and received the full benefit of it, appellant will be estopped to deny its validity.

From the Hamilton Circuit Court.

*F. J. VanVorhis, W. W. Spencer, T. J. Kane* and *R. K. Kane,* for appellants.

*W. S. Shirley, W. Fertig* and *H. J. Alexander,* for appellee.

GAVIN, J.—The appellee averred, in her complaint, the recovery of a judgment in the circuit court by the decedent, of whose estate she is administratrix, against the appellant Small, from which a term-time appeal was prayed and granted, the amount of the bond fixed by the court and twenty days given to file it, with sureties to be approved by the clerk, this latter provision being made at the request of the appellant and with the consent of the decedent who, in open court, waived the approval of the bond by the court; that in accordance with this order and within the time fixed the appeal-bond sued on

was filed and approved by the clerk with the consent **and**
acquiescence of the decedent, who accepted and recog-
nized the same as valid and in consideration thereof
forebore to issue execution on said judgment pending
the appeal; that said Small perfected his appeal as a
term-time appeal without notice and without giving any
other bond or asking for a supersedeas, and such pro-
ceedings were had in the Supreme Court as resulted in
the affirmance of said judgment as to $772.39 thereof,
which affirmance had been duly certified down and said
judgment was wholly due and unpaid.

The complaint was tested by demurrer for want of facts.
The only objection presented to it is that it is bad be-
cause it fails to aver that the bond was approved by the
court, as required by statute.    R. S. 1894, section 650,
R. S. 1881, section 638.

The position assumed was that the bond was a null-
ity in the absence of such approval.   In support of their
position counsel cite section 247, Elliott's App. Proced.,
where it is said that "it must be approved by the court."

Counsel, however, fail to observe that in the foot note
it is expressly stated by the authors that they are simply
giving the law applicable when the appellee appropri-
ately demands that the statutory course be strictly pur-
sued, and "without any reference to consent or waiver
express or implied."

While it is undoubtedly true that the successful party
to a lawsuit may demand that the statute regulating the
approval of the appeal bond be followed, yet it is equally
true that he may waive this right, and when he has, as in
this case, expressly waived it, and the opposite party has
acted upon this waiver, filed his bond and received the
full benefit of it, the plainest principles of justice and
fair dealing would be violated by permitting the appel-
lant to then say that his bond had not been approved

according to law, and should not, therefore, be enforced. In this case the bond served every purpose for which it was intended. The appellant obtained by virtue of it every benefit possible to be received by pursuing the statutory course to the letter, and the appellants are now estopped to deny its validity. Both principle and the authorities are clearly against appellants' position. *Pierce* v. *Banta*, 9 Ind. App. 376, where the question is very fully considered; *Buchanan* v. *Milligan*, 125 Ind. 332; *Easter* v. *Acklemire*, 81 Ind. 163; *Smock* v. *Harrison*, 74 Ind. 348; *Jones* v. *Droneberger*, 23 Ind. 74; Elliott App. Proced., sections 369, 370.

There is nothing in *Ex parte Sweeney*, 131 Ind. 81, which militates against or modifies *Jones* v. *Droneberger*, *supra*, upon this point.

Judgment affirmed.

Filed Feb. 20, 1895.

## CONCURRING OPINION.

DAVIS, J.—In this case it appears that the waiver of the provisions of the statute was at the request of appellants. In view of this fact, and the further fact that the appeal was duly taken and prosecuted as a term-time appeal in pursuance of the terms of the bond, I concur in the result.

Filed Feb. 20, 1895.