Howacbd, J.
This is an appeal from.an interlocutory order appointing a receiver. The order was made in vacation by the judge of the court below. On June 11, 1896, being the day after'the appointment of the receiver, the appellants filed their bond for an appeal, which bond was approved, and, on June 19, 1896. the record was filed in this court.
Appellees, appearing here specially, have filed their verified motion, with notice to appellants, asking tha t the appeal be dismissed for want of notice to the appellees of the taking of the appeal. Appellants, in answer, contend that notice of appeal from an interlocutory order, appointing or refusing to appoint a receiver, is not necessary; and they refer to section 1245, Burns’ R. S. 1894 (1231, R. S. 1881), which merely provides that an appeal may be taken from such an order within ten days, on the filing of the required bond. They also refer to Miller v. Burket, 132 Ind. 469, where is was said: “The record shows the filing of a bond in the prescribed penalty within the time limited, and that it was approved by the clerk as in other cases of appeal taken in vacation. This was sufficient, and the appeal is properly before us.” In that case, however, as appears from the opinion filed, both parties were present at the making of the interlocutory order, and the appellant at the time appealed therefrom. Such appeal, in the presence of the adverse party, was itself notice to the party concerned. The case was not unlike that of a term time appeal from a final judgment. There, the statute does not require notice of appeal, as all the parties are held to be in court for all purposes. Section 650, Burns’ R. S. 1894 (638, R. S. 1881). But where, as in this case, the interlocutory order was made in vacation of court, and the appeal therefrom was also taken in vacation, and in the absence of the party in whose favor the order had been made, it *281 would seem that every consideration required that the party to be affected by the appeal should be notified of it, as in case of other vacation appeals.
In Elliott’s App. Proced., section 143, it is said: “The rule requiring parties having an interest that may be materially affected by the judgment to be brought before the appellate tribunal is in no sense a technical one;.on the contrary, it is a rule of great importance and is required in order to secure a litigant ‘his day in court.’ * * The right of a party to notice is, indeed, fundamental, for without notice it cannot be truly said that there is due process of law. It cannot be doubted that a statutory provision requiring notice is an imperative one, but it may well be doubted whether an attempt to confer a right of appeal in cases where substantial rights are involved would be valid [without providing for notice], except, of course, in cases where the appeal is taken in term or at a time when the fact of appealing itself conveys notice.”
If the appeal from the interlocutory order is taken in term time, or if both parties are otherwise shown to be present at the time when the appeal is taken, whether that be in term or in vacation, then there could be no need of further notice. But if the appeal is taken in vacation and in the absence of the adverse party, there can be no reason why notice should not be given quite the same as provided for in the case of vacation appeals from final judgments. Section 652, Burns’ R. S. 1894 (640, R. S. 1881.)
Rule XXXVI of this court provides that, “where a cause appealed in vacation has been on the docket ninety days or more, and there is no appearance by the appellee, and no steps have been taken to bring him into court; or where a notice has been issued and proves ineffectual from any cause, and no steps are taken for more than ninety days after the issuance of *282 such ineffectual notice to bring the appellee into court, the clerk shall enter an order dismissing the appeal.”
This rule would seem to govern in the case before us. The cause was appealed in vacation, and was placed on the docket June 19, 1896. Not until long after ninety days from this date, and not until steps were taken by appellees to have the appeal dismissed, did appellants taken any steps to bring appellees into' court. It was then too late to give notice; and though the clerk did not enter an order of dismissal when the cause had been on the docket ninety days, yet the court will make such order so soon as its attention is called to the failure of appellants to give timely notice of the appeal. Smith, Tr., v. Wells Mfg. Co., 144 Ind. 266.
Whether the record shows sufficient cause for the appointment of a receiver may be decided on appeal from the final judgment, if there should be such appeal, but the question cannot be considered on this appeal. Although the particular question now raised does not seem to have arisen, or, at least, to have been made before, yet we have no doubt that, the question having been made in this case, the motion to dismiss should be sustained. Appeal dismissed.