## PRICE ET AL. *v.* HUDDLESTON.

[No. 5,726.   Filed November 2, 1905.]

1. APPEAL AND ERROR.—*Appeal Bond.—Penalty Greater than Fixed by Court.*—Appellee can not be heard to complain because appellants filed an appeal bond with a penalty greater than was required by the order of court.   p. 451.

2. SAME.—*Term-Time Appeal.—Bond.—Approval by Clerk.—Waiver.*—Where an appeal is granted by the trial court and appellants are given thirty days in which to file their appeal bond to the approval of the clerk, no objection being made by appellee who was present, and such bond was properly filed and approved and the appeal taken, appellee, after the time is passed for perfecting a term-time appeal in such cause, will not be heard to move to dismiss such appeal because the court did not approve such surety.   p. 452.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Action by Milbert F. Price and others against James Huddleston.   From a judgment for defendant, plaintiffs appeal.   *Motion to dismiss appeal overruled.*

*Walter S. Bent, Thomas L. Stitt* and *R. P. Howell,* for appellants.

*W. G. Todd,* for appellee.

ROBINSON, J.—Appellee moves to dismiss this appeal on the ground that appellants have not taken the steps necessary to constitute this an appeal in term, and that nothing has been done to perfect it as an appeal in vacation.

The action was brought by appellants, and upon a trial the jury returned a verdict for appellee.   On March 15, 1905, the fifty-seventh day of the January term, 1905, the following proceedings were had: "Come now the parties by their attorneys; and the court, being advised, now overrules the plaintiffs' motion for a new trial.   *   *   *   And on motion the court now renders judgment on the verdict of the jury herein.   It is therefore considered and decreed *   *   *   that plaintiffs take nothing by their suit herein

and that the defendant recover  *  *  *. his costs.  *  *  *
And the plaintiffs now pray an appeal to the Appellate
Court of Indiana, which appeal is now granted.   And the
plaintiffs are now ordered to file an appeal bond in the sum
of $150 within thirty days herefrom with sureties to the
approval of the clerk of the court."   Afterwards, "on the
1st day of April, 1905, in vacation of said court, the plain-
tiffs in the above-entitled cause filed their appeal bond in
the sum of $500 with the United States Fidelity & Guar-
anty Company, by Neil Lumaree, attorney in fact, as
surety thereon in these words [followed by a copy of the
bond and clerk's approval], which bond is now approved
by the clerk."   The transcript was filed in this court May
18, 1905, and the cause was submitted June 17, 1905.   Ap-
pellant's brief was filed July 7, 1905.   On September 4,
1905, appellee entered his special appearance and moved
to dismiss the appeal.

The statute provides: "When an appeal is taken during
the term at which judgment is rendered, it shall operate as
a stay of all further proceedings on the judgment, upon
an appeal bond being filed by the appellant, with such
penalty and surety as the court shall approve, and within
such time as it shall direct."   §650 Burns 1901, §638
R. S. 1881.

The court fixed the penalty of the bond and the time
within which it should be filed, but left the sureties to the
approval of the clerk.   The bond was filed within
the time fixed, and with a penalty greater than the
amount fixed by the court; but we do not think that
is a matter of which appellee can complain.   The surety
was not approved by the court as the statute directs, and
the question is whether the approval of the security by the
court could be waived, and, if so, was it waived by appellee.

In *Smock* v. *Harrison* (1881), 74 Ind. 348, the court
had granted an appeal on condition that a bond in a penal
sum named be filed, "to the approval of the clerk of said

APPELLATE COURT OF INDIANA,

court," within a time named. The bond was taken and approved by the clerk, and immediately following such approval was the following: "Plaintiffs consent that the clerk may approve the within bond," signed by plaintiff's attorney. It was held that this consent made the bond a lawful bond. In that case the court said: "In *Jones* v. *Droneberger* [1864], 23 Ind. 74, it was held that, 'the bond was for the individual benefit of the appellee; and the provisions in the statute requiring the court to approve it in term time, and the clerk in vacation, were inserted for the purpose of securing a good bond for the appellee,' that the parties may waive the approval of the court or clerk, in any given case, where their own individual interests alone are at stake, and, if they do mutually agree upon a bond, the bond so given is valid." See, also, *Easter* v. *Acklemire* (1881), 81 Ind. 163; *Buchanan* v. *Milligan* (1890), 125 Ind. 332; *McCloskey* v. *Indianapolis, etc., Union* (1882), 87 Ind. 20; *Small* v. *Kennedy* (1895), 12 Ind. App. 155; *Pierce* v. *Banta* (1894), 9 Ind. App. 376.

In *Buchanan* v. *Milligan, supra,* where, by agreement of the parties, a different surety signed the appeal bond from that designated by the court, the court said: "It is settled by the decisions that an appeal bond is required for the benefit of the appellee, and that the court, in fixing the amount of the bond and approving the sureties, acts merely as an arbiter for the purpose of securing a sufficient bond. If the parties mutually agree upon a surety different from that designated and approved by the court, the bond is as effectual to stay proceedings as if it had been signed by the surety approved by the court."

The record shows that appellee was present when the court ordered appellant to file an appeal bond in a sum named within a time specified and with sureties to the approval of the clerk. No objection was made to such an order, the bond was filed and approved, and the transcript filed in this court as a term-time appeal. Ap-

pellee seems to have acquiesced in all the proceedings taken in the attempted perfecting of a term-time appeal, until after the cause had been on the docket of this court for more than ninety days and the time for completing the appeal as a term-time appeal had expired. We think it must be held that appellee impliedly consented in open court that the sureties on the bond might be approved by the clerk of the trial court, and that upon the whole case, taking into consideration the action of appellee at the time and since the appeal was prayed and granted, he has waived his right to question the appeal as a term-time appeal.

Motion overruled.