### YANTHIS ET AL. *v.* KEMP ET AL.

[No. 6,690. Filed December 12, 1907.]

APPEAL.—*Term-Time.*—*Requisites.*—*Waiver.*—To perfect a term-time appeal, appellants at the term at which the cause is ended must pray an appeal, the penalty of the bond must be fixed, and the sureties named, though appellees may, by failure to object, waive the naming of such sureties, such bond being for their benefit alone. *Kellogg* v. *Ridgely, ante,* 423, distinguished.

From Marion Circuit Court (15,371); *Henry Clay Allen,* Judge.

Action by Daniel Yanthis and others against William Kemp and others. From a judgment for defendants, plain-

tiffs appeal. On motion to dismiss appeal. *Motion denied.*
(For decision on merits see — Ind. App. —.)

*Franklin McCray,* for appellants.
*William H. Ogborn,* for appellees.

COMSTOCK, J.—Action for the possession of real estate.
The trial court sustained a demurrer to the complaint, and
rendered judgment in favor of appellees for costs. Appel-
lees appear specially, and move to dismiss the appeal for the
reason stated in the motion, that it is a vacation appeal,
and no notice has been given to the appellees or any steps
taken to bring them into court, although more than ninety
days have expired since the filing of the transcript. Judg-
ment was rendered on March 21, which was the sixteenth
day of the March term, 1907, of the Marion Circuit Court.
On the same day an appeal was prayed and granted, on the
condition that plaintiffs file an appeal bond in the sum of
$200 within thirty days, with surety to be approved by the
court. On April 11, 1907, which was the tenth day of the
April term of said court, an appeal bond was filed in the
sum of $200 and approved by the court. The transcript
was filed May 8, 1907.

To perfect a term-time appeal, it must be prayed and
granted, the penalty of the bond must be fixed, and the
surety named during the term at which the judgment was
rendered. The record discloses that appellees were present
when the court rendered judgment and when the appeal
was granted, conditioned upon the filing of a bond within
the time named, to be approved by the court. No objection
was made to the order. An appeal bond is for the benefit of
the appellee. The bond was filed and approved by the court
within the time designated, and the transcript filed as a
term-time appeal. It may reasonably be concluded that
appellees waived the naming of the surety during the term
at which judgment was rendered. *Buchanan* v. *Milligan*
(1890), 125 Ind. 332; *Price* v. *Huddleston* (1905), 36 Ind.

App. 450. This case is distinguished from *Kellogg* v. *Ridgely* (1907)', *ante,* 423, where the record does not disclose that the surety on any bond was approved by the court.

Motion to dismiss appeal overruled.