## DAUGHERTY ET AL. *v.* PAYNE ET AL.

### [No. 21,723. Filed May 23, 1911.]

1. APPEAL.—*Interlocutory Orders.—Receivers.—Appeal Bond.—Approval.*—In a term-time appeal from an interlocutory order appointing a receiver, the surety on the appeal bond must be approved by the judge. p. 605.

2. APPEAL.—*Interlocutory Orders.—Receivers.—Transcript.—Time for Filing.—Extensions.*—Under §1289 Burns 1908, §1231 R. S. 1881, providing, among other things, that from an interlocutory order appointing, or refusing to appoint, a receiver, "the party aggrieved may, within ten days thereafter, appeal * * * to the Supreme Court," the transcript must be filed with the Clerk of the Supreme Court within such ten days, and such time cannot be extended by agreement. p. 606.

3. APPEAL.—*Interlocutory Orders.—Receivers.—Statutes.*—Appeals from interlocutory orders appointing, or refusing to appoint, a receiver, must be taken under §1289 Burns 1908, §1231 R. S. 1881,

providing, among other things, that in all suits in which "a receiver may be appointed or refused, the party aggrieved may * * * appeal * * * without awaiting the final determination of such case," and not under §688 Burns 1908, §647 R. S. 1881, providing the method of taking appeals from interlocutory orders in civil cases. pp. 606, 607.

4. APPEAL.—*Interlocutory Orders.—Appeal Bonds.—Time for Filing.*—Under §688 Burns 1908, §647 R. S. 1881, providing generally the method of taking appeals from interlocutory orders in civil cases, an interlocutory order made in term-time cannot be appealed from in vacation, the bond in such case being required to be filed during the term. p. 606.

5. APPEAL.—*Vacation.—Interlocutory Orders.—Notice.*—In a vacation appeal from an interlocutory order made in vacation and in the absence of the adverse party, notice of such appeal is required. p. 606.

6. APPEAL.—*When "Taken."*—An appeal is "taken" when all the steps pointed out to confer jurisdiction upon the Supreme Court have been taken. p. 607.

7. APPEAL.—*Term-Time.—Approval of Bond.—Filing.*—Where a term-time appeal is desired, the penalty of the appeal bond must be fixed, and the sureties thereon approved, by the judge, the subsequent filing thereof by the clerk being a ministerial act. p. 607.

8. ESTOPPEL.—*Failure to Speak.*—A party cannot be estopped by silence unless it was his duty to speak. p. 610.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Suit by Samuel J. Payne against Lawrence L. Daugherty and others. From a decree for plaintiff, defendant Daugherty and others appeal. *Appeal dismissed.*

*D. F. Brooks* and *Brownlee & Cline*, for appellants.

*Alvah Taylor, Henry C. Pettit* and *Walter S. Bent*, for appellee Samuel J. Payne.

MYERS, J.—This is an attempted appeal from an order appointing a receiver, in a controversy between appellants and appellee Payne, as to the title to, and right of possession of, real estate. Payne alone appears, and files a brief.

A receiver was appointed by the Grant Circuit Court on July 2, 1910, which was the last day of the April term of that court. The record following the order appointing a

receiver recites that "the defendants herein now separately except to the order of the court herein, and ten days' time is given in which to file all bills of exceptions, and an appeal is now prayed and granted to the Supreme Court of Indiana, and bond is fixed in the sum of $500, to be filed within ten days, to the approval of the clerk of this court."

On July 6, 1910, in vacation, appellants filed with the clerk of the Grant Circuit Court an appeal bond in the usual form, in the penal sum of $500, with a surety, which bond was approved by the clerk, and a precipe filed for a transcript July 7, 1910. On July 11, 1910, the bill of exceptions containing the evidence heard on the petition for the appointment of the receiver was filed with the clerk of the court. The precipe did not call for a transcript of the appeal bond.

Upon this state of the record, appellee Payne, on November 5, 1910, entered a special appearance, and filed a motion to dismiss the appeal, on the grounds (1) that no appeal bond was filed during the term, and (2) that the record fails to show and certify the filing and approval of an appeal bond within ten days from the date of the appointment of a receiver. The transcript was filed in this court July 12, 1910. No notice of appeal was given. Appellee Payne did not appear or waive notice, and at the time his motion was filed, more than ninety days had expired after the transcript was filed.

Said appellee's contention is based upon the theory that if the appeal is sought to be perfected as a term-time appeal,

1. it has failed because the surety was not approved by the court. Such approval is necessary to a term-time appeal. *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534; *Thompson* v. *Connecticut Mut. Life Ins. Co.* (1894), 139 Ind. 325; *Hartlep* v. *Cole* (1889), 120 Ind. 247; *June* v. *Payne* (1886), 107 Ind. 307; *Mitchell* v. *Gregory* (1884), 94 Ind. 363; *McCloskey* v. *Indianapolis, etc., Union* (1882), 87 Ind. 20; *Ashley* v. *Henderson* (1904), 32 Ind. App. 242.

The appeal appears to have been taken under the provisions of §§679, 1289 Burns 1908, §§638, 1231 R. S. 1881.

2. Appeals from orders appointing or refusing to appoint receivers are authorized by §1289, *supra*, which in some respects changes the ordinary rules with respect to appeals. That section provides among other things that "the party aggrieved may, within ten days [after making the order appointing a receiver], appeal from the decision of the court to the Supreme Court, without awaiting the final determination of such case; and in case where a receiver shall be or has been appointed, upon the appellant filing an appeal bond with sufficient surety, in such sum as may have been required of such receiver, * * * the authority of such receiver shall be suspended," etc. The statute is special, and it has been held under it that not only must the bond be filed, but the transcript must be filed with the Clerk of the Supreme Court within the ten days, and that the time cannot be extended by agreement. *Hursh* v. *Hursh* (1885), 99 Ind. 500; *Flory* v. *Wilson* (1882), 83 Ind. 391; *Vance* v. *Schayer* (1881), 76 Ind. 194.

3. The general statute with respect to appeals from interlocutory orders (§688 Burns 1908, §647 R. S. 1881) does not apply in this class of cases, because a different statute regulates appeals in cases affecting the appointment of or failure to appoint, receivers.

4. Under §688, *supra*, a term-time interlocutory order cannot be appealed from after the term. The bond must be filed during the term. *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193; *Barney* v. *Elkhart County Trust Co.* (1906), 167 Ind. 505; *Natcher* v. *Natcher* (1899), 153 Ind. 368; *Zimmerman* v. *Makepeace* (1899), 152 Ind. 199.

5. In case an appeal is taken from an interlocutory order made in vacation appointing a receiver, in the absence of the other party, notice of the appeal must be given. *Cole* v. *Franks* (1897), 147 Ind. 281.

It has been held under §1289, *supra*, that if the order
is made in term, the bond must be filed in term, and the
transcript filed in this court within ten days of the date
of the order, and that if the order is made in vacation, the
bond must be filed at the time the order is made, or at the
next term (*Barney* v. *Elkhart County Trust Co., supra;
Vance* v. *Schayer, supra*); also that an appeal is
6.  taken when all the steps pointed out by the stat-
ute to confer jurisdiction upon the Supreme Court
have been taken. *Barney* v. *Elkhart County Trust Co., supra,*
and cases cited.

Except for §1289, *supra*, there could be no appeal from
an interlocutory order appointing, or refusing to
3.  appoint a receiver. It is a special statute conferring
a right, and must be strictly followed by one who
would avail himself of its provisions.

If the court had fixed the penalty and designated the
surety on the bond, the subsequent filing of the bond
would have been but the ministerial act of the
7.  clerk, in analogy to the practice under the general
statute respecting appeals from final judgments.
But the failure to have the court approve the surety
on the bond was a failure to do one of the things which is
a condition precedent to perfecting an appeal. In this case
the court did not require a bond of the receiver, but ap-
proved an undertaking, and as the statute requires a bond
in the sum required of the receiver, such statute could not of
course be complied with even by the clerk; but even though
that should be regarded as an informality, the failure to
have the court approve the bond was a failure to perfect a
term-time appeal, upon appellant's own theory, under the
general statute (§679, *supra*), and there has been no at-
tempt to appeal under §681 Burns 1908, §640 R. S. 1881,
even if it were applicable.

There is an apparent contradiction in some of the cases

as to the question of leaving appeal bonds to be approved by clerks.

The case of *Jones* v. *Droneberger* (1864), 23 Ind. 74, was an action upon an appeal bond, where surety other than the one approved by the court executed the bond, and such surety was held estopped.

In the cases of *Smock* v. *Harrison* (1881), 74 Ind. 348, and *Easter* v. *Acklemire* (1881), 81 Ind. 163, the approval of the surety was left to the clerk by the express assent of the parties, and approval by the court was held to be waived. The same thing is true in the case of *Small* v. *Kennedy* (1895), 12 Ind. App. 155.

In the case of *Buchanan* v. *Milligan* (1890), 125 Ind. 332, there was an express agreement between the parties to substitute another, for the surety approved by the court.

The case of *Miller* v. *Burket* (1892), 132 Ind. 469, was a case where an injunction was granted in vacation, and the penalty of the bond fixed, but the approval of the sureties was left to the clerk. That case is grounded on the express provision of the statute, that upon appeals from orders granting or dissolving injunctions, appeals should be taken by filing an appeal bond "as in other cases of appeal." §688 Burns 1908, §647 R. S. 1881; §646 R. S. 1881. And in "other cases" of vacation appeals, the clerk may approve the bond (§683 Burns 1908, §642 R. S. 1881), so that no order of the court was necessary.

The same statutes under which the case of *Cole* v. *Franks* (1897), 147 Ind. 281, was decided were in force when the case of *Miller* v. *Burket, supra,* was decided, but when this case was tried §646, *supra,* had been repealed.

In the case of *Cole* v. *Franks, supra,* the court failed to note the fact in referring to the case of *Miller* v. *Burket, supra,* that under §688, *supra,* even in cases arising under §646, *supra,* which did not include appeals from orders appointing, or refusing to appoint receivers, the appeal in term-time must be taken at the term the order is made,

and could not be taken after the term. *Natcher* v. *Natcher, supra; Zimmerman* v. *Makepeace, supra; Ham* v. *Greve* (1873), 41 Ind. 531.

In vacation appeals, as to the cases provided by the statute, *Miller* v. *Burket, supra,* was correct, but was misapplied in the case of *Cole* v. *Franks, supra,* as applied to appeals in receiverships in vacation, though correct upon the requirement for notice, because if §688, *supra,* could apply, there must be notice.

The case of *Pierce* v. *Banta* (1894), 9 Ind App. 376, was an action on an appeal bond, and the question arose on a demurrer to the complaint, which showed by whom the bond was approved.

In the case of *Price* v. *Huddleston* (1905), 36 Ind. App. 450, the appeal was from a final judgment, the penalty of the bond was fixed, but the approval of the sureties was left to the clerk. The parties were present when the order was made, and made no objections, and were held to have waived the statutory requirement.

In the case of *Yanthis* v. *Kemp* (1907), 40 Ind. App. 649, the appeal was from a final judgment, the penalty of the bond was fixed in term, thirty days were given within which to file the bond to the approval of the court, and the court approved it within the thirty days. This was held to constitute a term-time appeal.

The case of *Price* v. *Huddleston, supra,* would seem to lend support to appellants' contention that this is a term-time appeal, but the distinction lies in the fact that that was a final judgment and a general appeal, while here we have a special statutory proceeding, except for which there could be no appeal.

In analogy to the general statute with respect to appeals from interlocutory orders, if the appeal is in term, the bond must be approved by the court in term; if in vacation, the bond must be approved at the time the order is made, or

at the next term, showing approval by the court to be necessary, so that under no view of the case could it be a term-time appeal, unless we follow the case of *Price* v. *Huddleston, supra,* to the point that the parties waived the approval of the court by not objecting, the doctrine of which case we think is erroneous. A different question may arise when sureties seek to defend against a bond upon which they have procured a stay of execution, on the ground of estoppel, but a party is not required to assist his adversary in perfecting an appeal, and waives nothing on that question by mere silence, unless he is required to speak. Clearly then appellants have not perfected a term-time appeal, and if §683 Burns 1908, §642 R. S. 1881, could be appealed to, as to approval by clerks in vacation appeals, there must be notice (§681, *supra*). Under §1289, *supra,* the approval and filing of a bond does not perfect the appeal, it requires also that the transcript shall be filed in this court within the ten days.

The transcript was filed July 12, 1910, the cause was submitted August 11, 1910, appellants' briefs were filed October 8, 1910, and appellees' notice was given, and motion to dismiss was filed November 5, 1910, but no steps were taken by appellants to give notice. Under rule thirty-six the appeal must be dismissed, and it is so ordered.