## PENN AMERICAN PLATE GLASS COMPANY *v.* POLING, ADMINISTRATRIX.

[No. 7,681.    Filed December 10, 1912.    Transfer denied February 19, 1913.]

1. APPEAL.—*Term-time Appeal.—Bond.—Approval of Surety.*—The failure to name and approve sureties on an appeal bond during the term at which the final judgment was rendered, is an omission of a necessary step to be taken in order to perfect a term-time appeal, under §679 Burns 1908, §638 R. S. 1881, providing that when an appeal is taken during the term at which the judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct, and requires a dismissal of the appeal unless it has been perfected as a vacation appeal.    p. 493.

2. APPEAL.—*Term-time Appeal.—Bond.—Approval of Surety.—Waiver.*—The requirement that, to perfect a term-time appeal under §679 Burns 1908, §638 R. S. 1881, the sureties on the bond must be named and approved by the court during the term at which the final judgment is rendered, is not waived by appellee's failure to object to the order fixing the penalty without naming the sureties. *Price* v. *Huddleston* (1905), 36 Ind. App. 450, and *Yanthis* v. *Kemp* (1907), 40 Ind. App. 649, overruled.    p. 494.

From Tipton Circuit Court; *Leroy B. Nash*, Judge.

Action by Anna B. Poling, administratrix of the estate of Henry E. Poling, deceased, against the Penn American Plate Glass Company. From a judgment for plaintiff, the defendant appealed and on June 30, 1911, the appeal was dismissed *per curiam*, and thereafter a petition for a rehearing was granted. *Appeal dismissed.*

*John W. Lovett* and *G. B. Slaymaker*, for appellant.
*Kittinger & Diven*, for appellee.

ADAMS, J.—Motion by appellee to dismiss this appeal, on the ground that appellant has not complied with the statute authorizing a term-time appeal and has failed to perfect a vacation appeal.

The record discloses that on January 15, 1910, and at the November, 1909, term of the Tipton Circuit Court, a judgment was rendered against appellant and in favor of appellee. Appellant prayed an appeal to this court, which was granted, and the penalty of the appeal bond was fixed at $3,000, with sureties to be approved by the court, and ninety days given within which to file said bond. On April 13, 1910, and at the February, 1910, term of said court, appellant filed its appeal bond in the sum of $3,000, with the National Surety Company as surety thereon, which bond on said last date was approved by the court.

There is no claim that this is a vacation appeal, but, on the contrary, it is insisted that the proceedings had in the court below were in substantial compliance with §679 Burns 1908, §638 R. S. 1881, the statute governing term-time appeals. This section is in part as follows: "When an appeal is taken during the term at which the judgment was rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal-bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct." It clearly appears that all the provisions of this statute were complied with except one—the sureties were not named and approved during the term at which the judgment was rendered. Failure to name and approve sureties on a bond of this character during such term has been held to be an omission of one of the necessary steps to be taken in order to effect a term-time appeal.

In *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 537, 50 N. E. 304, the court said: "The statute provides the steps which must be taken in order to effect a term-time appeal, and thereby relieve the appellant from giving the notice required by law in vacation appeals. The penalty of the appeal bond must be fixed and the surety named and approved by the court during the term at which the final judgment is rendered, and the bond, conditioned ac-

cording to law, must be filed within the time directed by the court.''

In *Ashley* v. *Henderson* (1904), 32 Ind. App. 242, 69 N. E. 469, this court, quoting from Elliott, App. Proc. §246, said: ''To perfect a term-time appeal the following steps must be taken: '(1) An appeal must be prayed during the term at which the judgment was rendered, and it must be granted during that term. (2) The penalty of the bond must be fixed and the surety named during the term at which the judgment was rendered. (3) The bond must be filed during that term and approved by the court, or the court must during that term fix a time within which the bond shall be filed, and it must be filed and approved by the court within the time designated. (4) The transcript must be filed in the office of the Clerk of the Supreme Court within sixty days after the filing of the bond.' '' See, also, Buskirk's Practice 61; 2 Works' Practice §1088; Thornton & Ballard's Practice §639, note 1; Ewbank's Manual §175. Among other cases requiring the sureties to be named at the term in which the judgment is rendered are the following: *McKinney* v. *Hartman* (1896), 143 Ind. 224, 227, 42 N. E. 681; *Thompson* v. *Connecticut Mut. Life Ins. Co.* (1894), 139 Ind. 325, 328, 38 N. E. 796; *Holloran* v. *Midland R. Co.* (1891), 129 Ind. 274, 275, 28 N. E. 549; *Hartlep* v. *Cole* (1889), 120 Ind. 247, 251, 22 N. E. 130.

In *Price* v. *Huddleston* (1905), 36 Ind. App. 450, 75 N. E. 972, the penalty of the bond was fixed by the court, but the approval of the sureties left to the clerk. Appellees were in court when the order was made, and having offered no objection to the same as made were held to have waived the statutory requirement.

This court in *Yanthis* v. *Kemp* (1907), 40 Ind. App. 649, 82 N. E. 926, held that to perfect a term-time appeal the same must be prayed and granted, the penalty of the bond must be fixed, and the sureties named by the court during

the term at which the judgment was rendered. But the court also held that as appellees were present in court when the judgment was rendered and the appeal granted, and interposed no objection to the order fixing the penalty, but naming no sureties, and where the bond was approved by the court at a subsequent term within the time allowed, they waive the naming of the sureties within the term at which the judgment was rendered; following *Price* v. *Huddleston, supra.*

In *Daugherty* v. *Payne* (1911), 173 Ind. 603, 95 N. E. 233, the doctrine of waiver by failure to object, as announced in *Price* v. *Huddleston, supra,* was held to be erroneous. Continuing, the court said: ''A party is not required to assist his adversary in perfecting his appeal, and waives nothing on that question by mere silence, unless he is required to speak.'' It is said in *Yanthis* v. *Kemp, supra,* and in several other cases, that an appeal bond is for the benefit of the appellee. This is true to the extent that the bond insures to appellee the collection of his judgment; but, manifestly, the bond is also for the benefit of the appellant, in that it enables him to appeal without notice, and protects his property from seizure and sale, upon execution pending a final determination on appeal.

The cases of *Price* v. *Huddleston, supra,* and *Yanthis* v. *Kemp, supra,* are not in harmony with the other cases herein cited, and especially with *Daugherty* v. *Payne, supra,* which is the latest expression of the Supreme Court on this subject.

It would be possible to distinguish the case at bar, since the record does not show that appellee was present in court at the time the appeal was prayed and granted, but this would only be postponing the day when the rule must be declared and the conflict in the cases cleared up. Where a question of practice only is involved, it is not so important how the question is decided, as that it should be decided.

It is due to *nisi prius* courts and to the profession generally that the rules of appellate procedure should not be left in doubt or confusion, and to that end, we find it necessary to overrule *Price* v. *Huddleston, supra,* and *Yanthis* v. *Kemp, supra,* in so far as these cases hold that an appellee, by offering no objection to the failure of the court to name the sureties on the appeal bond during the term at which the judgment was rendered, shall be deemed to have waived the naming of such sureties.

In this case there was a failure to perfect a term-time appeal, and the motion must be sustained.

Appeal dismissed.

NOTE.—Reported in 100 N. E. 83. See, also, under (1) 2 Cyc. 842.