## BLOSE *v.* MYERS.

[No. 9,060. Filed January 28, 1915.]

1. APPEAL.—*Right of Appeal.*—The right of appeal is purely statutory, and one who asks the remedy must comply with the statute under which he seeks it, and perfect his appeal within the time prescribed. p. 37.

2. APPEAL.—*Time for Perfecting.—Motion for New Trial.*—A motion for new trial, timely filed, holds the judgment in abeyance so that the time for perfecting an appeal is to be reckoned from the date of the ruling on such motion. p. 37.

3. APPEAL.—*Questions Reviewable.—Motion for New Trial.*—A motion for new trial not filed within the time prescribed by §587 Burns 1914, Acts 1913 p. 848, comes too late, and presents no question on appeal. p. 37

4. APPEAL.—*Term Time Appeal.—Filing and Approval of Bond.*— Under §679 Burns 1914, §638 R. S. 1881, relating to term time appeals, the penalty of the appeal bond must be fixed and the surety named and approved by the court during the term at which final judgment is rendered; hence, where such steps were not taken until the following term on the overruling of a motion for a new trial that was filed too late to hold the judgment in abeyance, the appeal was not perfected as a term time appeal. p. 37.

5. APPEAL.—*Extending Time for Appeal.—Motion for New Trial. —Questions Reviewable.*—The filing of a motion for a new trial too late to present any question thereon on appeal, will not extend the time for perfecting the appeal so as to present other questions not presented by the motion. p. 38.

6. APPEAL.—*Perfecting Appeal.—Vacation Appeal.*—An attempted term time appeal can not be perfected as a vacation appeal where the transcript has remained on file for more than ninety days without any effort to perfect a vacation appeal. p. 38.

From St. Joseph Superior Court; *Vernon W. Van Fleet,* Judge.

Action between Enoch M. Blose and Mary L. Myers. From a judgment for the latter, the former appeals. *Appeal dismissed.*

*Anderson, Parker, Crabill & Crumpacker,* for appellant. *Slick & Slick,* for appellee.

HOTTEL, C. J.—The appellee, under a special appearance for such purpose, has filed a motion to dismiss this appeal. This motion is based on the following grounds: "(1) That said appeal was not taken from a final judgment as provided by * * * §679 Burns * * * 1914, in that appellant did not file his appeal bond during the term at which final judgment was rendered, to wit, during the February term, 1914, of the St. Joseph Superior Court * * * and has failed to take any steps whatsoever to perfect a vacation appeal, or to give appellee notice of this appeal, in compliance with §681 Burns * * * 1914, and Rule 36 of this court, although the transcript herein has been on file in this court more than ninety days * * *. (2) The record herein shows that the judgment sought to be appealed from herein was rendered on the 27th day of April, 1914, the 61st judicial day of the February term, 1914, of the St. Joseph Superior Court * * * and the motion for a new trial was not filed within the time allowed by law, to wit, within thirty (30) days after said judgment, but was filed on the 29th day of May, 1914, the 11th judicial day of the May term, 1914, of the St. Joseph Superior Court * * * that said motion for a new trial was overruled and this appeal prayed on the 8th day of June, the 19th judicial day of the May term, 1914, of the St. Joseph Superior Court * * * and the appeal bond herein was filed on the 6th day of July, 1914, the same being the 43rd judicial day of the May term, 1914 * * *. That by reason of the premises appellant has wholly failed to properly perfect an appeal herein in compliance with the statutes of the State of Indiana."

The proceedings had before the trial court and the chronological order of the steps taken therein necessary to an understanding of the question presented by the motion are as follows: The judgment was rendered April 27, 1914, being the 61st judicial day of the February term, 1914, of the St. Joseph Superior Court. The motion for new trial was

filed May 29, 1914, being the 11th judicial day of the May term, 1914, of such court. On June 8, 1914, being the 19th judicial day of the May term of said court, this motion was overruled and appellant then prayed an appeal and was granted thirty days time in which to file his appeal bond. The court at this time fixed the amount of the bond and named the sureties thereon, and also gave appellant sixty days within which to file his bill of exceptions. An entry of the court of July 6, 1914, shows that on that day, being the 43rd judicial day of the May term of such court, the parties to said suit appeared by counsel and that appellant, being unable to furnish the bond of American Surety Company as surety (which was the surety before named by the court), then filed its bond with Samuel Parker as surety thereon. Such bond is set out in the entry and shows that it was on that day taken and approved by the court. On August 4, 1914, in vacation, the appellant filed his bill of exceptions in the clerk's office of said court. On August 26, 1914, the appellant filed his transcript of the record in said cause in this court. Since the filing of such transcript no steps have been taken by appellant to perfect a vacation appeal.

The question which appellee's motion requires us to determine is whether appellant has perfected a term time appeal within the meaning of §679 Burns 1914, §638 R. S. 1881, which is the only authority for a term time appeal. The part of this section affecting the question under consideration provides as follows: ''When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct * * *. The transcript shall be filed in the office of the clerk of the supreme court within sixty days after filing the bond.''

The right of appeal is purely statutory and the litigant

who asks this remedy must comply with the statute under which he seeks it. *Brown* v. *Brown* (1907), 168 Ind. 654, 655, 80 N. E. 535; *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 233, 98 N. E. 147; *Washington Tp.* v. *Ratts* (1913), 54 Ind. App. 229, 232, 101 N. E. 842. It is, in effect, conceded by appellee, and correctly so, we think, that all the necessary steps to perfect such appeal were properly taken within the time fixed by statute, if the question of time for perfecting the appeal is to be reckoned from the time of the overruling of the motion for new trial. It is also conceded by appellee, and supported by authority, that a motion for new trial, *when filed in time,* operates to hold the judgment in abeyance and that in such cases the time for perfecting the appeal is reckoned from the date of the ruling on such motion. *Pittsburgh, etc., R. Co.* v. *Johnson* (1911), 49 Ind. App. 126, 131, 93 N. E. 683, 95 N. E. 610; *Blaemire* v. *Barnes* (1910), 173 Ind. 657, 91 N. E. 232; *New York, etc., R. Co.* v. *Doane* (1886), 105 Ind. 92, 4 N. E. 419. In this case, however, the part of the record before set out discloses that the motion for new trial was not filed within thirty days from the day the decision was rendered as required by §587 Burns 1914, Acts 1913 p. 848, and hence was filed too late. It is well settled that a motion for a new trial filed too late presents no question on appeal. *McCutcheon* v. *State* (1911), 176 Ind. 13, 15, 93 N. E. 545; *Ward* v. *State* (1909), 171 Ind. 565, 568, 86 N. E. 994; *VanBuskirk* v. *Stover* (1904), 162 Ind. 448, 451, 70 N. E. 520. That part quoted of §679 Burns 1914, *supra,* has been construed by this court and the Supreme Court to mean that "the penalty of the appeal bond must be fixed and the surety named and approved by the court *during the term at which the final judgment is rendered.*" (Our italics.) *Yanthis* v. *Kemp* (1907), 40 Ind. App. 649, 650, 82 N. E. 926; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 537, 50 N. E. 304;

*Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 494, 100 N. E. 83, and authorities cited. In the instant case none of the steps required for perfecting the appeal were taken at the term at which the judgment was rendered. The motion for new trial was not filed at such term, but was filed at a succeeding term, thirty-two days after the rendition of the decision and judgment in said case, and too late to present any question on appeal.

Can it be said that a motion for new trial which is filed too late to present any question on appeal may be made to serve the purpose of extending the time of appeal 5. and thus enable the appealing party to present to the appellate tribunal other questions not presented by such motion? If a motion filed two days too late may be used for such purpose it would follow that there is no time limit within which such a motion might not be filed and used for the same purpose. By allowing the thirty days to expire for the filing of the motion for a new trial without the filing thereof, and by allowing the term of court at which the judgment had been rendered to expire also, without any steps being taken to effect a term time appeal, appellant lost his right of such appeal and he could not revive such right by filing a motion for new trial. As tending to support this conclusion, see *New York, etc., R. Co.* v. *Doane, supra; Blaemire* v. *Barnes, supra; Pittsburgh, etc., R. Co.* v. *Johnson, supra;* Ewbank's Manual §101. The effect of a motion for new trial, filed too late, is the same as though such motion had never been filed. 29 Cyc. 928.

Appellant having failed to perfect a term time appeal and the transcript having been filed in this court more than 90 days with no effort on the part of appellant to 6. perfect a vacation appeal in compliance with §681 Burns 1914, §640 R. S. 1881, it follows that appellee's motion to dismiss the appeal must be sustained. Rule 36 Supreme and Appellate Courts. *Penn, etc., Plate Glass Co.* v. *Poling, supra.* The appeal is therefore dismissed.

NOTE.—Reported in 107 N. E. 548. As to what judgments and orders may be appealed from, see 20 Am. St. 173. As to computation of time for appeal or writ of error as affected by motion for new trial or rehearing, see 3 Ann. Cas. 630. See, also, under (1) 2 Cyc. 789; (2) 2 Cyc. 793; (3) 29 Cyc. 927; (4) 2 Cyc. 842, 844; (5) 2 Cyc. 793; 29 Cyc. 927; (6) 3 Cyc. 190.