· PLOTNICKI *v.* NOWICKI.

[No. 10,701.   Filed June 2, 1920.] ·

1. APPEAL. — *Term-Time Appeal.* — *Perfecting.* — In order to effectuate a term-time appeal under §679 Burns 1914, §638 R. S. 1881, it is essential that the trial court shall, during the term at which the judgment is rendered, or during the term at which the motion for a new trial is overruled, when it is filed after judgment, fix the amount of the appeal bond, name and approve the surety, and if the bond is not filed during the term, designate the time within which it may be filed, and it is only when appellant files his bond in conformity with the statute and the court's order that he can prosecute his appeal as a term-time appeal.   p. 384.

2. APPEAL.—*Term-Time Appeal.—Perfecting.—Bond.—Substitution of Surety at Subsequent Term.*—When the trial court during term approves an appeal bond and designates the time within which it may be filed, it has no authority, at a subsequent term, although it is within the time allowed for filing bond, to permit a substitution of another surety and to then approve such bond. p. 384.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action between Louis Plotnicki and Kate Nowicki. From the judgment rendered, the former appeals. *Appeal dismissed.*

*Arthur L. Hubbard* and *Samuel B. Pettingill,* for appellant.

*Eli F. Seebiert, Daniel D. Schurtz* and *W. A. Grzesk,* for appellee.

McMAHAN, C. J.—In order to effectuate a term-time appeal under §679 Burns 1914, §638 R. S. 1881, it is essential that the trial court shall, during the term at which the judgment is rendered, or during the term at which the motion for a new trial is overruled, when such motion is filed after judgment, fix the amount of the appeal bond, name and approve the surety and, if the bond is not filed during that term, must designate the time within which it may be filed. Where this is done the duty of the court with reference thereto is at an end. If an appellant files his bond in conformity with the statute and such order, he may prosecute his appeal as a term-time appeal, otherwise not.

When the trial court during term approves an appeal bond and designates the time within which it may be filed, it has no authority, at a subsequent term, although it is within the time allowed for filing such bond, to permit a substitution of another surety and to then approve such bond, as was done in

the instant case. *Michigan, etc., Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Brown* v. *Brown* (1907), 168 Ind. 654, 80 N. E. 535; *Daugherty* v. *Payne* (1911), 175 Ind. 603, 95 N. E. 233; *Penn, etc., Plate Glass Co.* v. *Poling* (1913), 52 Ind. App. 492, 100 N. E. 83; *Ashley* v. *Henderson* (1904), 32 Ind. App. 242, 69 N. E. 469; *Fort* v. *White* (1915), 58 Ind. App. 524, 108 N. E. 27; *Blose* v. *Myers* (1915), 58 Ind. App. 34, 107 N. E. 548; *Rohrbaugh* v. *Leas, Admr.* (1917), 63 Ind. App. 544, 114 N. E. 762; *Equitable Surety Co.* v. *Taylor* (1919), 71 Ind. App. 382, 121 N. E. 283.

No attempt having been made to perfect a vacation appeal, appellee's motion to dismiss must be sustained. Appeal dismissed.